## APPEAL OF SINSHEIMER BROS., INC.

Docket No. 6498.    Promulgated December 23, 1926.

Inventory methods used consistently and uniformly for many years that reflect taxpayer's income accurately should not be disturbed by arbitrary adjustments that result in distortion of actual income.

*Edward McCarthy, Jr., Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the Commissioner.

This is an appeal from the determination by the Commissioner of a deficiency in income and profits taxes for the year 1920, in the amount of $2,918.08, arising out of his action in revaluing the inventory upon a basis different from that used by the petitioner.

### FINDINGS OF FACT.

Petitioner, a California corporation with its principal office at San Luis Obispo, is, and was during the year in question, engaged in the general merchandise business and the buying and selling of beans and grain.

The general merchandise business and the business of buying and selling beans and grain were conducted as separate departments of the petitioner's business. Separate books of original entry were maintained for each department.

For the years 1918 to 1921, inclusive, the petitioner valued the inventories of the general merchandise department at book cost, which was 110 per cent of actual cost, less 30 per cent. For all years prior to 1920, the petitioner valued the inventories of the bean and grain department upon the basis of market. In 1920 it elected to value its bean and grain inventory upon the basis of cost or market, whichever is lower, and since total market was lower than total cost, the inventory reported in the return for that year

was valued upon the basis of market. From the total of the bean and grain inventory as so valued, the petitioner deducted the sum of $1,397.09, representing the estimated charges for storage, weighing, reconditioning, and sacking, and loss from shrinkage in weight. A deduction of similar character, in the amount of $2,558.31, was made from the total bean and grain inventory for the year 1921, which was valued on the same basis as that for the year 1920.

The petitioner's inventories were valued by L. F. Sinsheimer, secretary of the company, in collaboration with other executive officers. Sinsheimer's experience in the business carried on by the petitioner extended over a period of thirty-five years. Realizing that the operations of the business had resulted in a loss for the year 1920, Sinsheimer, in taking the bean and grain inventory, set up in parallel columns on the inventory sheets the market value and average cost of the several grades and varieties of beans and grains, for the purpose of determining the amount of the loss for the year reflected in the bean and grain inventory. The average costs shown in the inventory sheets have been accepted by the Commissioner as actual costs for inventory purposes.

The Commissioner has revalued the inventories for the years 1918 to 1921, inclusive, and in doing so has valued the general merchandise inventories upon the basis of actual cost, and the bean and grain inventories upon the basis of figures which are alleged to have been actual costs. The inventories reported in the returns and as adjusted by the Commissioner, and the increase in the Commissioner's valuations over the petitioner's, for each year, are as follows:

*General merchandise.*

| Year. | Petitioner's inventories. | Commissioner's inventories. | Increase. |
|---|---|---|---|
| 1918 | $35,000.00 | $53,106.41 | $18,106.41 |
| 1919 | 45,000.00 | 68,185.67 | 23,085.67 |
| 1920 | 49,000.00 | 67,013.85 | 18,013.85 |
| 1921 | 51,000.00 | 72,174.78 | 21,174.78 |

*Beans and grain.*

| Year. | Petitioner's inventories. | Commissioner's inventories. | Increase. |
|---|---|---|---|
| 1918 | $55,822.67 | $55,822.67 | |
| 1919 | 81,292.40 | 81,292.40 | |
| 1920 | 36,500.00 | 65,625.33 | $29,125.33 |
| 1921 | 63,000.00 | 65,558.31 | 2,558.31 |

OPINION.

MORRIS: The petitioner concedes that the adjustment made by the Commissioner in the general merchandise inventory at the close of the year 1920 results in a restatement of that inventory at actual

cost, and that the adjustment is, therefore, proper. It disputes the correctness of the adjustment made by the Commissioner in the bean and grain inventory, and contends that its net income for the year 1920 has been overstated in the deficiency letter, because of the use of the adjusted inventory.

Prior to the year 1920 it was the petitioner's practice to value its bean and grain inventory upon the basis of market. For the year 1920 it elected to value its inventory upon the basis of market, since the total of the inventory valued at market was lower than the total thereof when valued at cost; and, so far as the basis of valuation is concerned, this constituted no change from the basis adopted for prior years. The 1919 bean and grain inventory, which was also the opening bean and grain inventory of the year 1920, was valued on the basis of market, and this is true of the bean and grain inventory at the close of the year 1920.

Therefore, the bean and grain inventories at the beginning and close of the year 1920 were uniformly and consistently valued by the petitioner upon the same basis. The Commissioner rejected the petitioner's inventory valuations and redetermined the inventories upon an alleged cost basis. But an examination of the Commissioner's computations discloses the fact that in reality he has valued the opening inventory upon the same basis and in the same amount as that of the petitioner, while the closing inventory has been valued upon the basis of average cost figures which were placed in the inventory sheets by the petitioner for the purposes of comparison. The Commissioner's opening inventory is valued at market; his closing inventory is valued at average cost.

The adjustment which the Commissioner has made in the bean and grain inventory for the year 1920 results in a distortion of the income of that year, as well as of the year immediately following, because of his failure to treat the opening and closing inventories upon a uniform and consistent basis. No better illustration of this could be had than that afforded by comparison of the results obtained through the use of the petitioner's inventories and those resulting through the use of the Commissioner's inventories. According to the computations of both parties, the combined result of operations for the two years 1920 and 1921 is a net loss of approximately $27,000. Using the petitioner's inventories, a net loss is shown for both years in the approximate amounts of $8,000 and $19,000, respectively; while the results obtained through the use of the Commissioner's inventories are a net profit of approximately $21,000 for the year 1920, and a net loss of approximately $48,000 for the year 1921.

The inventory practice of the petitioner is undoubtedly faulty, but it can not be said that net income has not been clearly and correctly stated in the return because of the use of those inventories. The opening and closing inventories of the year 1920 have been determined by the petitioner according to a uniform basis of valuation. The error in the basis of valuation is present in both inventories, thus preventing any distortion in the net income for that year. On the other hand, the Commissioner, by accepting petitioner's opening inventory for the year 1920 and restating the bean and grain inventory, at the close of the same year, at cost, has retained the error in the petitioner's basis of valuation so far as it affects the opening inventory and eliminated it as it affects the closing inventory. The result necessarily is a distorted net income.

We were confronted with a like situation in the *Appeals of The Thomas Shoe Co.*, 1 B. T. A. 124, and *The Buss Co.*, 2 B. T. A. 266, and what we said in our decisions in those cases is equally applicable to the facts in this. In the first mentioned case, we held that "Even if the entire practice of the taxpayer had been erroneous, * * * the Commissioner clearly erred in insisting upon a change in method at the close of the year without making and allowing a compensatory change at the beginning"; and, in the last mentioned case, we stated: "However faulty the taxpayer's inventory method was, we believe that greater weight should be given to consistency than to any particular method of inventorying or basis of valuation so long as the method or basis used substantially reflects the income." And in both cases we held that "What the inventory practice is, is of some importance; that the practice should be uniform is of the highest importance."

The value of the general merchandise inventory is $67,013.85, and the value of the bean and grain inventory is $37,897.09. The total value of petitioner's inventories at the close of the year 1920 is $104,910.94, and the net income for 1920 should be redetermined accordingly.

*Judgment will be entered upon 10 days' notice, under Rule 50.*