WILSON FURNITURE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11317.   Promulgated March 12. 1928.

*H. T. Odom, Esq.*, and *L. A. Williams, C. P. A.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

## OPINION.

Lansdon: There are two questions to be determined in this proceeding: (1) Which of two inventory methods more clearly reflects income, and (2) the adjustment of certain discrepancies appearing upon petitioner's books.

The petitioner has for many years computed its inventory at cost after marking "out" of the inventory list certain obsolete items having little or no market value. Such merchandise has been carried in stock for many years and at each inventory period has been excluded from the list as having no market value. Most of such items, however, had a nominal value. Occasionally some of these "marked out" articles were sold, at which time the total sale price was entered as income by including the amount in gross sales without a corresponding cost charge. Shades having cost $600 were sold for $40, which sum was entered as income when, in fact, petitioner sustained a loss. Both the opening and closing inventories were taken by petitioner on the same basis, i. e., by marking "out" substantially the same merchandise.

The respondent has revalued the closing inventory at cost by including all the items marked "out" by petitioner at their original cost. No attempt was made to audit or adjust the opening inventory by the respondent's agent, and no mention is made thereof in the agent's report.

In *Appeal of Thomas Shoe Co.*, 1 B. T. A. 124, at page 127, the Board said:

Even if the entire practice of the taxpayer had been erroneous, if the discounts were in fact cash discounts, the Commissioner clearly erred in insisting upon a change in method at the close of the year without making and allowing a compensatory change at the beginning. What the inventory practice is, is

of some importance; that the practice should be uniform is of the highest importance.

The purpose of the Revenue Act in requiring inventories in proper cases is in order " clearly to determine the income." Inventories used in computing the cost of goods sold must be computed both at the beginning and end of each year on the same basis. If the basis or method is changed in the closing inventory without a corresponding change in the opening inventory, the result is a distortion of the actual income. *The Buss Co.*, 2 B. T. A. 266; *Sinsheimer Bros., Inc.*, 5 B. T. A. 918; *Thomas Shoe Co., supra.*

The reduction of inventory by the cost of obsolete merchandise has been approved by the Board in *Superior Motor Parts Co.*, 8 B. T. A. 407. In *Karges Hosiery Co.*, 8 B. T. A. 767, the Board held that unsalable merchandise should be inventoried at bona fide selling price less cost of selling. In the instant case petitioner marked " out " merchandise which he considered as having " little or no " market value. The respondent has recomputed the inventory by including those items at actual cost. The cost method applied by the respondent to the closing inventory overstates the market value of that inventory by making no allowance for unsalable merchandise, and distorts the income by computing the closing inventory on a basis different from that used in the opening inventory. The method used consistently by the petitioner results in no undue advantage to it since all sales of " out " merchandise are reported as income without a cost charge.

It is clear that the income for the taxable year, as reflected by the petitioner's method, is substantially accurate and that the deficiency asserted by the respondent is not based upon the true income.

The petitioner did not employ a regular bookkeeper and its books were kept in a very loose manner. Upon audit by an accountant at the close of the taxable year, the cash was found to be over in the amount of $1,983.39, and the control ledger showed a total as accounts receivable which was in excess of the actual accounts receivable by $1,440.82. To adjust the books and force a balance, petitioner added the $1,938.39 cash overage to the gross sales and deducted the $1,440.82 excess therefrom. Petitioner's accounts were audited at the beginning of the taxable year. The discrepancies are applicable solely to the taxable year and are not an accumulation of errors from prior years. The evidence does not show the cause or causes of the discrepancies, but it appears that in later years customers have presented receipts for payments on account which were never credited to them. The evidence does not indicate to what extent such a state of affairs existed. It seems clear that only the actual accounts receivable can be collected, and that petitioner

will realize nothing from the excess of $1,440.82 shown in the control ledger as accounts receivable. The respondent erred in disallowing the $1,440.82 deduction from gross sales and thereby increasing petitioner's net income in that amount.

Reviewed by the Board.

*Judgment will be entered on 10 days' notice, under Rule 50.*

MILLIKEN and SIEFKIN concur in the result.

LITTLETON, STERNHAGEN, TRAMMELL, MORRIS and MURDOCK dissent.