JUSTUS & PARKER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13770.   Promulgated July 30, 1928.

*James O. Tripp, Esq.,* for the petitioner.
*Maxwell E. McDowell, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The method employed by the petitioner in the valuation of its 1920 closing inventory is "cost or market, whichever is lower," one of the bases of inventory valuation designated by the Commissioner in his regulations adopted pursuant to the provisions of the Revenue Act of 1918. (See section 203 of Revenue Act of 1918 and articles 1582 *et seq.* of Regulations 45.) It is conceded by the respondent that the petitioner has the right to reduce its 1920 closing inventory, taken at original cost, for changes in market value and for obsolete merchandise, but he contends that the petitioner has failed to establish the reduction claimed or any proper reduction for obsolete merchandise.

It appears that the physical inventory taken at the end of 1920 was examined in detail by the president and general manager of the petitioner, the responsible officer and active head of the company. This officer, entirely familiar with the merchandise dealt in and its market values, then made a separate, itemized list of all merchandise considered obsolete and unsalable in general trade, most of which could not be replaced by purchase in the open market or from any source except probably the stocks of other wholesale dealers. This list was then reviewed and each item was valued by the president and general manager of the company, in consultation with the general purchasing agent, at the price for which, in their opinion, it could be sold. The

total value of the obsolete merchandise was thus determined and an adjustment was made in the physical inventory, in which such merchandise was entered at original cost, for this reduction in value.

Both the president and purchasing agent of the company testified at the hearing that the value of the obsolete merchandise fixed by them represented its actual market value. The list of obsolete merchandise, showing the itemized valuation, was introduced in evidence. No contradictory evidence was offered. This Board has heretofore held that inventories may be reduced for obsolete merchandise carried therein (*Superior Motor Parts Co.*, 8 B. T. A. 407; *Templeton, Kenley & Co., Ltd.*, 6 B. T. A. 61; *Wilson Furniture Co.*, 10 B. T. A. 1294), and that the valuation of such merchandise for inventory purposes by officers of the company familiar with the business and having knowledge of the market value of the material dealt in, is sufficient evidence of the actual market value of such merchandise to be included in the inventory. (*Neusteter Suit Co.*, 8 B. T. A. 477; *Karges Hosiery Co.*, 8 B. T. A. 767; *Wilson Furniture Co., supra; Sprague Tire & Rubber Co.*, 11 B. T. A. 610; *Ben C. Doherty & Co.*, 11 B. T. A. 812; *T. B. Floyd*, 11 B. T. A. 903; *Boyne City Lumber Co.*, 7 B. T. A. 36.) In our opinion the reductions made by the petitioner from its physical inventory taken at cost at the close of 1920 for changes in market value and for obsolete and unsalable merchandise are proper and the final closing inventory for 1920 as determined by the petitioner is fair and reasonable and should be accepted.

At the hearing it was stated by counsel for the petitioner, and not denied, that the respondent adjusted the 1920 closing inventory and did not make a corresponding adjustment of the 1920 opening inventory, and that had the opening inventory been correspondingly adjusted no increase in net income would have resulted. We have held in a number of cases that the adjustment of the closing inventory by the respondent, without a corresponding adjustment of the opening inventory, was improper and resulted in a distortion of income, which could not be approved. (*Thomas Shoe Co.*, 1 B. T. A. 124; *Sinsheimer Bros., Inc.*, 5 B. T. A. 918; *Boyne City Lumber Co., supra.*) It further appears that the petitioner has valued its inventories for other taxable years consistently upon the same basis as was used for the year in question, and consistency in inventory valuation is of prime importance. (*Thomas Shoe Co., supra; The Buss Co.*, 2 B. T. A. 266; *Boyne City Lumber Co., supra.*)

The respondent erred in adjusting petitioner's closing inventory for the taxable year 1920 and increasing its taxable net income by reason thereof.

*Judgment will be entered under Rule 50.*