J. M. RADFORD GROCERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21500.    Promulgated May 20, 1930.

*J. Forrest McCutcheon, Esq.*, and *R. C. Winters, Esq.*, for the petitioner.

*R. W. Wilson, Esq.*, for the respondent.

OPINION.

MARQUETTE: The question for decision is whether the average cash discounts allowed to petitioner for prompt payment of invoices should be deducted in arriving at the market value of its inventories for the taxable years on appeal. The petitioner contends that they should be, because that has been its consistent inventory practice at least since 1913, and net income is clearly reflected thereby. On the other hand, the respondent contends that such discounts should not be deducted, because that would constitute a reversal of petitioner's inventory practice of prior years, and result in distorting the income of the taxable years on appeal.

Several witnesses called by the petitioner testified as to facts which indicate very clearly that the petitioner has consistently deducted the average cash discounts in arriving at the market values of inventories for all years since 1913. The respondent called the examining revenue agent to the stand, who testified to facts which tend to show that the practice of deducting average cash discounts was first adopted in valuing the inventory for the fiscal year 1919. Suffice it to say, we have given very careful consideration to the testimony of all of these witnesses, giving to the testimony of each the weight to which we think it is entitled, and our conclusion is that the petitioner has consistently deducted the average cash discounts allowed to it in computing the values of its inventories for all years since 1913.

In *Warfield-Pratt-Howell Co.*, 13 B. T. A. 305, we had occasion to express our opinion as to the proper treatment of cash discounts in the valuation of inventories. We there stated as follows:

Two methods of accounting for purchase cash discounts are in general use in business, and both have their advocates among the leading accounting authorities. Under one method, the discounts are deducted from the invoice prices and only the net amounts are charged against purchases. Under the other method, the gross invoice prices are charged against purchases and cash discounts allowed are accounted for as financial income arising from the employment of business funds. It was undoubtedly in recognition of the fact that both of these methods were in general use, and that the effect of either on net income is the same, that taxpayers were extended the option in

article 1583 of Regulations 45 to deduct or not to deduct from invoice prices the cash discounts approximating a fair interest rate, provided a consistent course is followed. In the assignment of values to merchandise in the inventory at the close of the year due regard must be had for the method followed in the treatment of cash discounts. If cash discounts are deducted from invoice prices and only the net amounts are charged against purchases, a like procedure must be followed in the valuation of inventories and merchandise included therein priced at the net invoice prices. * * *

Stated briefly, the rule is that whatever the method employed in accounting for cash discounts, it must be consistently applied in the entire scheme of accounting which included the valuation of the inventories on hand at the close of the year.

In this case, the petitioner has accounted for its purchases at the net invoice price, i. e., invoice prices less cash discounts; hence, its inventory practice of deducting cash discounts in arriving at the market values of its inventories conforms with the rule announced above, and clearly reflects its net income.

Furthermore, the respondent's action in increasing the closing inventory for 1919 by the amount of average cash discounts deducted by the petitioner, without making a like adjustment in the opening inventory, has resulted in a gross distortion in the income of that year, and, consequently, is in error. Cf. *Thomas Shoe Co.*, 1 B. T. A. 124; *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566; *Leedom & Worrall Co.*, 10 B. T. A. 825; *Holeproof Hosiery Co.*, 11 B. T. A. 547; *Blumberg Bros.*, 12 B. T. A. 1021; and *James Edgar Co.*, 16 B. T. A. 120.

In his brief filed after the hearing, the respondent takes the position that the petitioner can not prevail, because, whether or not it consistently deducted cash discounts in the valuation of inventories, the valuation on a market basis, regardless of whether cost or market was lower, is not sanctioned by law or regulations. Aside from the fact that this raises a new issue not heretofore presented by the pleadings, it seems to us to be a rather incongruous position for the respondent to take, for it constitutes an attack upon his own action. The effect of respondent's action in increasing the inventories by the amounts deducted by the petitioner for cash discounts was to restate the inventories at the gross market prices. The sole difference between the parties was a mere matter of whether or not it was necessary to deduct the average cash discounts in order to correctly value the inventories on a market basis. Furthermore, there is no evidence whatever in the record upon which the inventory values can be determined upon any other basis.

*Judgment will be entered under Rule 50.*