Eureka Fire Brick Works v. Commissioner.
Eureka Fire Brick Works v. Commissioner
Docket No. 7641.
United States Tax Court
1946 Tax Ct. Memo LEXIS 6; 5 T.C.M. (CCH) 1106; December 26, 1946
*6 Where the inventory method is used, an adjustment to the closing inventory requires a corresponding adjustment to the opening inventory of the same year. Horace S. Robeson, Esq., for the petitioner. Stanley L. Drexler, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This report supersedes the memorandum findings of fact and opinion in this proceeding entered on November 29, 1946 [5 TCM 998,] and, upon the motion of petitioner, vacated December 12, 1946. The proceeding involves deficiencies in income tax of $1,844.58 and excess-profits tax in the amount of $719.97 for the year 1940. The only issue submitted is whether the respondent, having adjusted petitioner's inventory of finished goods at December 31, 1940, erred *7 in not making a corresponding adjustment to the opening inventory of finished goods at January 1, 1940. Certain facts were stipulated and are so found. Additional facts are found from the evidence. Findings of Fact Petitioner is a New Jersey corporation having its principal place of business at Mt. Braddock, Pennsylvania. It is now primarily engaged in manufacturing refractory brick for use in the steel industry. It produces some five or six hundred types of brick. Petitioner filed its income, declared value excess-profits, and defense tax return for the taxable year 1940 with the collector of internal revenue for the 23rd Pennsylvania district at Pittsburgh, Pennsylvania. In its corporation income and excessprofits tax return for the calendar years 1936, 1937, 1938 and 1939, the petitioner stated that its inventory was valued at "cost or market, whichever is lower". As a matter of fact, however, petitioner, for the years 1920 to 1941, inclusive, valued its inventory of finshed goods at an arbitrary price per 1,000 nine-inch brick equivalent. The price varied from time to time and bore no relation to cost or market. It used the same inventory reported on its tax returns in its *8 financial statements furnished to its stockholders and to the public. In determining a deficiency for the year 1940, the respondent adjusted petitioner's inventory of finished goods at December 31, 1940 from $16,735.20 as reported to $25,410.62. He made no change in the opening inventory of finished goods of $17,428.42 at January 1, 1940 reported by petitioner. Petitioner's closing inventory at December 31, 1939, as reported on its return for that year, was in the same amount as its January 1, 1940 inventory. The number of units of finished goods, known as nine-inch brick equivalent, included in petitioner's inventory at December 31, 1940, was 522,975. The cost or market value of the items included in said inventory at December 31, 1940 was $48.5886 per 1,000 units of bricks, or $25,410.62. The number of units of finished goods, known as nine-inch brick equivalent, included in petitioner's inventory at January 1, 1940 was 544,638. The cost or market determined in the same manner as the closing inventory was $49.087 per 1,000 units of brick, or $26,734.65. Opinion The contested issue presents an accounting problem. Petitioner is a manufacturing concern and the use of an inventory *9 is necessary to clearly determine its yearly income. [1] Petitioner over the years has valued its finished goods inventory by an arbitrary fixed price per thousand unit. Petitioner contends its method of valuing its inventory accords with good accounting practice in the refractory brick industry and correctly reflects its income. The petitioner has stipulated that the value of its finished goods inventory as of December 31, 1940 based on the lower of the cost or market was $25,410.62, or $8,675.42 more than shown on its return. The evidence also discloses that respondent in determining a deficiency against petitioner for the calendar year 1941 used the same value of $25,410.62 for petitioner's opening inventory of finished goods for January 1, 1941. Petitioner accepted that inventory valuation and paid the deficiency in tax for 1941. In view of these facts, we may doubt if petitioner now seriously urges its contention that its method correctly reflects its income. Petitioner has not shown that the arbitrary price method it used conforms to the best accounting practice of the trade or business, or has received the approval of the courts. Since petitioner's method is not shown to correctly *10 reflect its yearly income, the respondent properly adjusted its finished goods inventory for the taxable year in question. The respondent, however, adjusted only petitioner's closing inventory of finished goods at December 31, 1940. Petitioner contends that in failing to adjust its finished goods inventory at the commencement of the year, its 1940 income has been distorted. Income taxes are based on annual accounting periods. Burnet v. Sanford & Brooks Co., 282 U.S. 359. Where inventories are used the amount of the profit for each year can not be accurately determined without comparing the opening and closing inventories. Where the closing inventory is adjusted without correspondingly adjusting the opening inventory for the same year a distortion of income results. The Thomas Shoe Co., 1 B.T.A. 124; Sinsheimer Bros. Inc., 5 B.T.A. 918; S. C. Toof & Co., 21 B.T.A. 916; The Reuben H. Donnelley Corporation, 22 B.T.A. 175, and many others. We conclude the respondent erred in not correspondingly adjusting petitioner's opening inventory of finished goods on the basis of cost or market determined in the same manner as the *11 closing finished goods inventory for the taxable year 1940. Decision will be entered under Rule 50. Footnotes
1. I.R.C., sec. 22(c)↩. Regs. 103, sec. 19.22(c)-1-7.