E. J. Scheer, Inc., v. Commissioner.
E. J. Scheer, Inc. v. Commissioner
Docket Nos. 19891, 20423.
United States Tax Court
1949 Tax Ct. Memo LEXIS 55; 8 T.C.M. (CCH) 917; T.C.M. (RIA) 49250; October 7, 1949
*55 For its fiscal years ending January 31, 1942, January 31, 1943, and January 31, 1944, petitioner consistently took inventories of its merchandise on the basis of its "worth", as determined by petitioner. Respondent restored the inventories for the years ending January 31, 1943 and January 31, 1944 to a cost basis, using the closing inventory of the former as the opening inventory of the latter year. He did not restore petitioner's opening inventory for the former year to a cost basis. Held, that respondent's action resulted in a distortion of income and is not approved. Rupert G. Fain, C.P.A., 14 Franklin St., Rochester 4, N. Y., and Sydney R. Rubin, Elwood Bldg., 6 State St., Rochester, N. Y., for the petitioner. Clay C. Holmes, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $17,222.10 in the petitioner's excess profits tax liability for its fiscal year ending January 31, 1943, and deficiencies of $13.93 and $5,474.81 in its income tax liability and its excess profits tax liability, respectively, for its fiscal year ending January 31, 1944. The petitioner claims an overpayment of $40.48 *56 for the fiscal year ending January 31, 1944. The single issue is the correct basis for determining the amount of the petitioner's inventory at the beginning of the fiscal year ending January 31, 1943. Certain facts were stipulated. In so far as they are pertinent to the issue, they are as follows: The petitioner is a New York corporation, organized on November 20, 1931, with its principal office in Rochester, New York, and since that date has been continuously engaged in the retail jewelry business. The petitioner's tax returns for its fiscal years ended January 31, 1942, January 31, 1943, and January 31, 1944, were filed with the collector of internal revenue for the 28th district of the State of New York. Inventory of merchandise was physically taken at the close of each of the fiscal years ended January 31, 1942, January 31, 1943, and January 31, 1944. The amounts of the opening and closing inventories for each of the fiscal year ending January 31, 1943, and January 31, 1944, as shown on the petitioner's books before adjustment (Column 1), the amounts of opening and closing inventories as shown on the balance sheets attached to the petitioner's tax returns (Column 2), and *57 the amounts of reductions of its inventories made by the petitioner on its books of account (Column 3), were as follows: SUMMARY STATEMENT OF INVENTORIES
Amount of
Amount of
Inventories as
Inventories as
Shown on
Shown on Bal-
Books Before
ance Sheets of
Amount of
Adjustment
Tax Returns
Adjustment
For Fiscal Year, Jan. 31, 1942: Closing Inventories, Jan. 31, 1942
$104,331.04
$ 90,517.64
$13,813.40
For Fiscal Year, Jan. 31, 1943: Opening Inventories, Feb. 1, 1942
104,331.04
90,517.64
13,813.40
Closing Inventories, Jan. 31, 1942
135,772.22
117,908.07
17,864.15
For Fiscal Year, Jan. 31, 1944: Opening Inventories, Feb. 1, 1943
135,772.22
117,908.07
17,864.15
Closing Inventories, Jan. 31, 1944
142,411.66
116,586.31
25,825.35
In determining the deficiency for the fiscal year ending January 31, 1944, the respondent increased the opening and closing inventories for that year in the respective amounts by which petitioner had reduced them as shown in column three above. In determining the deficiency for the fiscal year ended January 31, 1943, the respondent increased the closing inventory for that year in the amount by *58 which the petitioner had reduced it as shown in column three above, but the respondent made no change in the opening inventory for that year, which inventory the petitioner had reduced in the amount as shown in column three. In explanation of his adjustment of inventory for the fiscal year ending January 31, 1943, the respondent stated: "The adjustment by way of reduction to your inventory of merchandise as at January 31, 1943, in the amount of $17,864.15, alleged to reflect the decrease necessary to reduce this inventory to market value, has been disallowed for the reason that the loss of value has not been substantiated." The explanation of his similar action relating to the following year was couched in like language. The petitioner does not now contend that its method of writing down its merchandise inventories is an ideal method nor does it contest the respondent's restoration of the closing inventories of the taxable year 1943 and theopening and closing inventories of the taxable year 1944, to the cost basis. However, it vigorously objects to the respondent's failure to restore the opening inventory for the taxable year ending in 1943 to similar cost figures, as revealed *59 by its books. The respondent does not deny the inconsistency of his actions but states that his position is predicated "in part" upon the fact that the petitioner's write-down of its closing 1942 inventory resulted in an increase in cost of sales and hence in a reduction of the petitioner's net income for that year. The issue, simply stated, is whether or not the respondent, after having applied the petitioner's cost figures in determining the proper aggregate values of its inventories at the close of the taxable year 1943 and at the beginning and close of the year 1944, is warranted in refusing to make a like adjustment of inventory, on the same basis, at the beginning of the taxable year in 1943. There is no justification for such action. The only excuse advanced is that the application of the same procedure to the tax year ending in 1942 might (he says "would") result in increased income for that year. There is no evidence whatever in the record showing that an increase in the petitioner's income for the taxable year ending in 1942 would have ensued. That year is not before us. Consequently, the respondent's argument falls. In a number of cases we have held that consistency *60 in the calculations of opening and closing inventories is a fundamental requirement of the inventory method of computing income. Thomas Shoe Company, 1 B.T.A. 124; Sinsheimer Bros., Inc., 5 B.T.A. 918; Boyne City Lumber Co., 7 B.T.A. 36; Wilson Furniture Co., 10 B.T.A. 1294; Justus & Parker Co., 13 B.T.A. 127; S. C. Toof & Co., 21 B.T.A. 916; and Reuben H. Donnelley Corp., 22 B.T.A. 175. Failure thus to be consistent results in the distortion of income. The respondent has advanced no valid argument to support his contention. The sum of $104,331.04, representing the petitioner's inventory at cost on February 1, 1942, is the correct value of its inventory on that date. The computation of its income for the taxable years will be made accordingly. Decisions will be entered under Rule 50.