Robert H. Jones and Patricia B. Jones v. Commissioner.
Jones v. Commissioner
Docket No. 4546-69 SC.
United States Tax Court
T.C. Memo 1970-191; 1970 Tax Ct. Memo LEXIS 168; 29 T.C.M. (CCH) 866; T.C.M. (RIA) 70191; July 7, 1970, Filed Robert H. Jones, pro se, P.O. Box 13, Louisville, Ky. Dennis M. Feeley, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $178.34 in petitioners' income tax for the year 1967. The sole issue for our determination is whether petitioners are entitled to deduct certain law school expenses pursuant to section 1.162-5, Income Tax Regs., as promulgated in 1958. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners are husband and wife, who were married in 1963 and had their legal residence in Louisville, Kentucky, at the time of filing their petition herein. They filed a joint Federal income tax return for the year 1967 with the district director of internal revenue, Louisville, Kentucky. Patricia *169 B. Jones is a party hereto only because she filed such return with her husband. Reference to petitioner shall be deemed to refer to Robert H. Jones. Petitioner graduated from Bellarmine College in the spring of 1964. He then was 867 successively employed as: estate and income tax clerk with the Tax Department of the Kentucky Trust Company until June 1966; management trainee with Joseph E. Seagram & Sons, Inc. (hereinafter Seagram) until June 1967; estate and gift tax examiner with the United States Internal Revenue Service (hereinafter I.R.S.) until April 1968; and assistant trust officer of the Kentucky Trust Company, where he remained until November 1969. At that time, he began private law practice which continued through the date of the trial herein. On October 25, 1963, while a student at Bellarmine College, petitioner applied for admission to the School of Law of the University of Louisville. He took the Law School Admission Test in February 1964 and received notice of his admission to the law school on April 1, 1964. Petitioner enrolled in the University of Louisville School of Law in September 1964 and received a J.D. degree in June 1968. Neither Seagram nor the I. *170 R.S. required petitioner to obtain a law degree or additional legal education in order to continue his employment, although Seagram did reimburse petitioner for one half of his law school expenses while in its employ. On his 1967 Federal income tax return, petitioner deducted $984.25 as the cost of tuition, books, and fees in connection with his law school education at the University of Louisville during that year. One-third of this sum represents such expenses while petitioner was employed by Seagram in the spring of 1967, and two-thirds represents such expenses while in the employ of the I.R.S. during the fall of 1967. Ultimate Finding of Fact Petitioner's law school expenditures during the year 1967 were not made primarily for the purpose of maintaining or improving skills required in his employment. Opinion Petitioner, relying upon respondent's 1958 education regulations, section 1.162-5, Income Tax Regs., [1] promulgated by T.D. 6291, 1958-1 C.B. 63, contends that his 1967 law school expenses are deductible, since his primary intention was to maintain or improve skills required in his employment with Seagram and the I.R.S. during the taxable year in question. *171 Respondent maintains that petitioner's primary purpose in attending law school was to secure a legal education and a bar admission, which would lead to a new position or a substantial advancement in position, or, alternatively, that his legal education was intended to fulfill his general educational aspirations. *172 868 Whether education is undertaken primarily for the purpose of maintaining or improving skills required by the taxpayer in his employment is a question of fact, the resolution of which depends upon an analysis of all the pertinent facts of each case. Condit v. Commissioner, 329 F. 2d 153 (C.A. 6, 1964), affirming per curiam a Memorandum Opinion of this Court; Welsh v. United States, 329 F. 2d 145 (C.A. 6, 1964), affirming per curiam 210 F. Supp. 597 (N.D. Ohio 1962); N. Kent Baker, 51 T.C. 243 (1968); Cosimo A. Carlucci, 37 T.C. 695 (1962); section 1.162-5(a), Income Tax Regs. The burden of proof rests upon petitioner. Petitioner applied to law school in October 1963 while a college senior, took the law school admission test, and was accepted by the School of Law of the University of Louisville for admission for the fall term of 1964. Originally, petitioner intended to attend law school in the daytime, but, because of his intervening marriage and the need for employment, he elected in the fall of 1964 to retain his job as a tax clerk with the Kentucky Trust Company and go to law school at night. Petitioner, *173 in seeking to establish the requisite primary purpose, invites us to ignore the points of departure and conclusion of his legal education, and instead asks that we examine his intention at several time intervals during his legal education, when he was working for Seagram and the I.R.S. Essentially, his position is that we should ignore his intention at the time he decided to go to law school in 1963 and take as our starting point the spring of 1964, when he was first employed as an estate and income tax clerk with the Tax Department of the Kentucky Trust Company. Petitioner contends that at that time his intention in seeking a law education was to improve his skills in his employment and that such intention never changed. In Owen L. Lamb, 46 T.C. 539 (1966), we stated that "the proper time to look at the primary purpose of a taxpayer in obtaining education is the time that the taxpayer first firmly decides to undertake that education." See 46 T.C. at 543. At the same time, we recognized that such intention is not a permanent shackle by indicating that, in some situations, a taxpayer might present sufficient evidence of change in purpose to justify the allowance *174 of the deduction. See 46 T.C. at 544. But it does not follow that because we might modify the mandate of Lamb in light of future developments, we should ignore the petitioner's originally manifested intention. Such an intention is clearly an element to be taken into account in making our ultimate factual determination. To be sure, petitioner testified that his employment with Seagram involved the handling of labor negotiations, labor grievances, and "the perusal of contracts, bills of lading and things of this nature," and that, as an I.R.S. estate and gift tax examiner, he "was required to interpret wills, partnership agreements, corporations, corporation law." Assuming that this testimony was sufficient to establish the nexus between the education and the employment (cf. James A. Carroll, 51 T.C. 213 (1968), affd. 418 F. 2d 91 (C.A. 7, 1969)), it does not follow that it is sufficient to establish petitioner's purpose. The same can be said with respect to petitioner's testimony that a minority of his co-workers at Seagram's and a majority at the I.R.S. had received or were studying for law degrees. [2]
*175 Nor is petitioner's purpose established by his general testimony that his legal education was undertaken to improve his skills, originally in his employment with the Kentucky Trust Company and, during the taxable years in question, with Seagram and the I.R.S. Petitioner was the sole witness and we found him unconvincing. Under such circumstnces, we are not bound to accept his testimony as gospel. See National Fireworks v. Commissioner, 243 F. 2d 295, 297 (C.A. 1, 1957); Artis C. Bryan, 16 T.C. 972, 979 (1951); 2 Casey, Federal Tax Practice, sec. 8.8. In any event, petitioner's declaration of subjective intent is only one evidentiary factor. to be considered. See N. Kent Baker, supra, 51 T.C. at p. 247, n. 1. Petitioner's testimony that he harbored no intention, during the years of his legal education, to enter the private practice of the law is also not determinative. Clearly, a legal education has relevance to preparation 869 for many occupations outside the realm of private law practice. That petitioner chose to begin his business career and simultaneously pursue his law school education fails to negate the fact that, in our view, petitioner *176 sought to become qualified for positions unavailable to him without a legal education. There can be no doubt that such expenditures are not properly deductible. See, e. g., Sandt v. Commissioner, 303 F. 2d 111 (C.A. 3, 1962), affirming two Memorandum Opinions of this Court; Joseph T. Booth, III, 35 T.C. 1144 (1961). Furthermore, we note the continuum between petitioner's undergraduate education and his law school career which began in September 1964 following his college graduation in the spring of that year. While this fact alone is not conclusive, it strongly suggests the fulfillment of "general educational aspirations or other personal purposes." N. Kent Baker, supra; section 1.162-5(b), Income Tax Regs.
On the basis of the record as a whole, we hold that petitioner has failed to meet his burden of proof. Accordingly, Decision will be entered for the respondent. Footnotes
1. Petitioner is entitled to elect between the 1958 regulations embodying a subjective intent test and the 1967 regulations embodying an objective fact test in accordance with Rev. Rul. 68-191, 1968-1 C.B. 67, stating that a taxpayer may elect either set of regulations for taxable years beginning before January 1, 1968. Presumably, petitioner eschews the 1967 regulations because of the fact that obtaining a law degree constitutes qualification for a new trade or business within the meaning of the provision therein disallowing a deduction for "expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." See sec. 1.162-5(b)(3), Income Tax Regs. (1967-1 C.B. 36, 38-39). All further references herein to section 1.162-5, Income Tax Regs., refer to that section as promulgated in 1958. Sec. 1.162-5 Expenses for Education. - (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type refererd to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. * * * (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.↩
2. By petitioner's own admission, neither Seagram nor the I.R.S. required him to pursue his legal education, thus negativing the applicability of section 1.162-5(a)(2), Income Tax Regs.↩