James J. Condit and Rose Marie Condit v. Commissioner.
Condit v. Commissioner
Docket Nos. 90446 and 94651.
United States Tax Court
T.C. Memo 1962-245; 1962 Tax Ct. Memo LEXIS 64; 21 T.C.M. (CCH) 1306; T.C.M. (RIA) 62245; October 22, 1962
Ralph F. Mitchell, Esq., for the petitioners. Kenneth L. Travis, Esq., for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the years 1958, 1959, and 1960 in the respective amounts of $110.17, $148.92, and $126.52. The issue for decision is whether petitioners are entitled to a deduction in each of the years here involved for amounts expended by James J. Condit in attending the School of Law of Salmon P. Chase College in Cincinnati, Ohio, and, if so, whether amounts spent for parking fees and meals in the year 1958 should be included *65 in such deductible expenses. Findings of Fact Petitioners, husband and wife residing in Cincinnati, Ohio, filed joint Federal income tax returns for the calendar years 1958, 1959, and 1960 with the district director of internal revenue at Cincinnati, Ohio. On their return for 1958 James J. Condit (hereinafter referred to as petitioner) stated his occupation as "Accountant-Ass't Treas." On their return for 1959 he stated his occupation as "Accountant-Office Mgr." and on their return for 1960, stated his occupation as "Office Mgr., Asst. Treas." On each of these returns, Rose Marie Condit's occupation was stated as "Housewife." Petitioner, during the years here involved, was employed by the George E. Detzel Company (hereinafter referred to as Detzel) and the Ohio Equipment and Supply Company (hereinafter referred to as Ohio Equipment) which are affiliated corporations sharing the same office facilities. Petitioner was first employed by Detzel in 1955 as an accountant and was first employed by Ohio Equipment in 1956. Neither of petitioner's employers conditioned petitioner's employment on any specific educational requirements, and neither of these companies required that he *66 obtain any further education as a condition for his continued employment. When petitioner was originally employed by Detzel his duties included bookkeeping, handling of claims, and other administrative matters under the direction of Detzel's office manager. About 6 months after petitioner's original employment by Detzel, its office manager left its employ and was replaced by an individual who was a certified public accountant. The new office manager preferred to take complete charge of the keeping of Detzel's books and assigned other duties to petitioner. Detzel is engaged as a heavy construction contractor, primarily on bridge and concrete work, commercial building maintenance, and railroad construction. Ohio Equipment is an equipment rental and contractor service company which owns and rents heavy construction equipment and sells construction supplies to Detzel and other contractors. The duties assigned to petitioner in the latter part of 1955 consisted of obtaining pertinent facts from an injured party or his dependents in connection with workmen's compensation claims, compiling this information, and submitting it as a claim to the proper officials; investigating claims against *67 Detzel arising out of public liability, property damage, or bodily injury and reporting the information obtained to Detzel's legal counsel or insurance carriers; acting as a liaison between Detzel and its outside counsel in obtaining information that the outside counsel wanted; and negotiating with suppliers and subcontractors with respect to the purchase of materials and the price of subcontracts and assisting in drawing such contracts. Petitioner has continued to perform these duties for Detzel and has performed similar duties for Ohio Equipment since his employment by that company in 1956, but the difficulty of his duties has increased through the years because of expansion of Detzel's business into larger contracts requiring more employees, supplies, equipment, and subcontractors. Petitioner, in addition, has done some accounting work and taken care of some of the administrative details arising in the offices of Detzel and Ohio Equipment. Petitioner received a B.B.A. degree from Xavier University in June 1957. In June 1958 petitioner matriculated as a student in the evening Law School of Salmon P. Chase College in Cincinnati, Ohio and has continued his law courses there from *68 that date through mid-April 1962, and at the date of the trial herein was expecting to complete his work and receive his L.L.B. degree in June 1962. Before enrolling in the Law School of Salmon P. Chase College, petitioner inquired whether he would be permitted to choose particular courses in the law school's program in such subjects as contracts, surety, and torts, and was advised that the school of law did not ordinarily permit students to carry less than the full schedule of work since its curriculum was established on a basis of the courses first given furnishing the required background and foundation for later courses. At the time petitioner enrolled in the School of Law of Salmon P. Chase College, he filed with the Supreme Court of Ohio an application for registration as a candidate for admission to the bar. Petitioner was required to submit as a part of this application answers under oath to certain questions set forth in a printed questionnaire. Petitioner signed and swore to this questionnaire on June 23, 1958, and his sworn answers contain the following: Do you wish to adopt the legal profession as a life work? Yes * * * State in a general way the plans for *69 your future in the legal profession: To combine my present background in accounting with law and develop along lines of Corporate Taxation & Corporation Law. Petitioner's employers have not promised him a promotion or raise in pay upon the completion of his legal studies but have not opposed his attending law school and have encouraged him to the extent of giving him time off on occasions to attend law school functions. Petitioner, on his income tax returns for the years 1958, 1959, and 1960, deducted the amounts of $540.57, $682.59, and $632.60, respectively, as educational expenses. Included in the amount deducted in 1958 is the amount of $14.40 for parking expenses and $31.68 for meals. The balance of the amount deducted in 1958 and the entire amounts deducted in 1959 and 1960 consisted of amounts expended by petitioner on tuition and fees, textbooks, and necessary supplies in connection with his studies at the School of Law of Salmon P. Chase College. Respondent, in his notices of deficiency, disallowed the claimed deductions for the years 1958 and 1959 with the explanation that the claimed amount "is not allowable as a business expense under the provisions of Section 162 of the Internal Revenue Code *70 of 1954, since such expense constitutes nondeductible personal expenses under the provisions of Section 262 of the Internal Revenue Code of 1954." For the year 1960, respondent in a separate notice of deficiency disallowed the claimed deduction and stated in explanation of the diallowance as follows: It has been determined that claimed itemized deduction of $632.60 for 1960 educational expense deductions is not allowable because education required to meet qualifications for establishment in a profession is a personal expense; it is held to be a personal expense. Opinion Petitioner takes the position that the expenditures in connection with his law studies at Salmon P. Chase College in each of the years here involved are ordinary and necessary business expenses under section 162 of the Internal Revenue Code of 1954[1] and section 1.162-5, Income Tax Regs.[2] Petitioner recognizes that his employers did not require that he pursue his legal studies in order to retain his position but contends that he undertook the education for which the amounts here involved were expended primarily for the purpose of maintaining *71 or improving skills required in his employment and is therefore entitled to the claimed deductions under the provisions of subparagraph (a)(1) of section 1.162-5, Income Tax Regs.
*72 Respondent contends that the primary purpose for which petitioner's legal education was undertaken was to qualify him for a new profession, that this education was required to meet the minimum qualifications of petitioner's intended new profession and that, therefore, the expenses of such education are not allowable deductions under section 162 of the Internal Revenue Code of 1954 and section 1.162-5, Income Tax Regs.
Both petitioner and respondent recognize that the question here involved is one of fact and that the burden of establishing the facts necessary to show that the claimed deductions constituted ordinary and necessary business expenses is upon petitioner. Under respondent's regulation on which both parties rely, petitioner must not only show that a purpose for the educational expenditure was to increase his skills in his present position, but must show that this was the primary purpose for which the education was undertaken. The evidence in the instant case shows that petitioner stated at the time he commenced his studies of law at Salmon P. Chase College that he intended to adopt the legal profession as his life's *73 work. Petitioner testified that when he applied for admission to the School of Law of Salmon P. Chase College he would have liked to have selected courses in contracts, torts, surety, and possibly workmen's compensation law since he felt these courses would be helpful particularly in his work for Detzel and Ohio Equipment but was informed that he would not be permitted to select his specific courses since the school required that a set curriculum be followed by all students. The evidence does not show what precise courses petitioner was pursuing during the years here involved, or how these courses might be specifically helpful in petitioner's work, as distinguished from fulfilling his general educational aspirations. Petitioner, in his testimony, attempted to explain the answers he gave in the questionnaire attached to his application for registration as a candidate for admission to the Ohio bar by stating that these answers should be considered in the light of his statement that it was his intention to stay with his present employer, that in his view a lawyer who is employed by a corporation is still adopting the legal profession for his life's work, and that "the fact that he chooses *74 to remain a lawyer in a corporation does not - in other words, this is quite different than the connotation of adopting a legal profession as a practicing lawyer in the terms of what most people think of it." If we accept petitioner's explanation and his statement that he intends to remain with his present employer, petitioner still has failed to show that his education was primarily for the purpose of improving his skills in his present position. Certainly, petitioner would not contend that his position with his employers during 1958, 1959, and 1960 was that of a lawyer since he had not completed his legal education and was not a member of the bar. Should petitioner, upon completion of his legal education and his admission to the bar, remain, as he stated he intends to do, with his present employer, this would not be necessarily the quivalent of remaining in his present position since his duties with his present employer might well become those of a lawyer and his own testimony in explanation of his answers in the questionnaire filed with the Supreme Court of the State of Ohio indicates that this is his own interpretation of his stated intentions. The fact that the employer of an *75 individual will not change is not the criteria in determining whether educational expenditures are primarily for the purpose of improving skills in that person's present position. If the education is undertaken primarily for the purpose of obtaining a new position or substantial advancement in position with the same employer, the amounts expended therefor are not deductible under section 1.162-5, Income Tax Regs. Sandt v. Commissioner, 303 F. 2d 111 (C.A. 3, 1962), affirming Memorandum Opinions of this Court. Here, petitioner enrolled in the complete program leading to his qualification for a new profession, that of law, and insofar as the record shows, his primary purpose in each of the years here involved in pursuing the specific courses of education which he pursued in those years was to qualify to meet the minimum standards of that profession. For this reason the instant case is distinguishable from John S. Watson, 31 T.C. 1014 (1959) which involved a further course in medicine taken by a practicing physician, and Cosimo A. Carlucci, 37 T.C. 695 (1962), which involved further courses in industrial psychology taken by one who was already *76 qualified as an industrial psychologist. The instant case is likewise distinguishable from Michaelson v. United States, 203 F. Supp. 830 (E.D., Wash., N.D., 1961) relied upon by petitioner, since in the Michaelson case the deduction claimed was limited to the expenses for the courses taken by a school teacher which were accepted by his employer in satisfaction of a requirement that he obtain additional education to retain his teaching position. The instant case is factually more comparable to Arnold Namrow, 33 T.C. 419 (1959), affd. 288 F. 2d 648 (C.A. 4, 1961) in which a doctor expended amounts to become a specialist in psychiatry, and Joseph T. Booth III, 35 T.C. 1144 (1961), involving expenditures by a lawyer with a view to obtaining special knowledge in the field of the law of taxation because of his entrance into a newly formed partnership. Neither of these cases allowed the deduction. The facts are completely distinguishable from Clark S. Marlor v. Commissioner, 251 F. 2d 615 (C.A. 2, 1958), reversing 27 T.C. 624, relied upon by petitioner since in the Marlor case the taxpayer there involved was required *77 to enroll for further education in order to retain his temporary appointment as a tutor. The evidence in the instant case shows that petitioner's employers neither required nor even expected that he obtain additional education in order to retain his positions with them. Since we agree with respondent that the expenditures made by petitioner in the years 1958, 1959 and 1960 in connection with his attendance at the School of Law of Salmon P. Chase College are not deductible, it is unnecessary to pass upon his alternative contention with respect to the expenditures by petitioner in 1958 for parking fees and meals. Decision will be entered for respondent. Footnotes
1. SEC. 162, I.R.C. 1954. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *↩
2. Sec. 1.162-5 Expenses for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. Expenditures for education of the type described in subparagraph (2) of this paragraph are deductible under subparagraph (2) only to the extent that they are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, as a condition to the retention of the taxpayer's salary, status, or employment. Expenditures for education other than those so required may be deductible under subparagraph (1) of this paragraph if the education meets the qualifications of subparagraph (1) of this paragraph. A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirement is imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. Except as provided in the last sentence of paragraph (b) of this section, in the case of teachers, a written statement from an authorized official or school officer to the effect that the education was required as a condition to the retention of the taxpayer's salary, status, or employment will be accepted for the purpose of meeting the requirements of this paragraph. (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.↩