**COUGHLIN v. COMMISSIONER OF INTERNAL REVENUE.**

No. 126, Docket 22487.

United States Court of Appeals, Second Circuit.

Argued March 11, 1953.

Decided April 14, 1953.

308

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson and Robert N. Willan, Special Assts. to the Atty. Gen., for respondent.

David Boyd Chase, New York City, for petitioner.

Randolph E. Paul, New York City (Louis Eisenstein and Julian N. Stern, New York City, of counsel), for American Medical Ass'n, as amicus curiae.

George E. Cleary, New York City, for New York State Bar Ass'n, Section on Taxation, as amicus curiae.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The petitioner has been a member of the bar for many years and in 1944 was admitted to practice before the Treasury Department. In 1946 he was in active practice in Binghamton, N. Y., as a member of a firm of lawyers there. The firm engaged in general practice but did considerable work which required at least one member to be skilled in matters pertaining to Federal taxation and to maintain such skill by keeping informed as to changes in the tax laws and the significance of pertinent court decisions when made. His partners relied on him to keep advised on that subject and he accepted that responsibility. One of the various ways in which he discharged it was by attending, in the above mentioned year, the Fifth Annual Institute on Federal Taxation which was conducted in New York City under the sponsorship of the Division of General Education of New York University. In so doing he incurred expenses for tuition, travel, board and lodging of $305, which he claimed as an allowable deduction under section 23(a) (1) (A) I.R.C., as ordinary and necessary expenses incurred in carrying on a trade or business and no question is raised as to their reasonableness in amount. The Commission disallowed the deduction and the Tax Court, four judges dissenting, upheld the disallowance on the ground that the expenses were non-business ones "because of the educational and personal nature of the object pursued by the petitioner."

The Tax Court found that the Institute on Federal Taxation was not conducted for the benefit of those unversed in the subject Federal taxation and students were warned away. In 1946, it was attended by 408 attorneys, accountants, trust officers, executives of corporations and the like. In 1947, over 1500 of such people from many states were in attendance. It was "designed by its sponsors to provide a place and atmosphere where practitioners could gather trends, thinking and developments in the field of Federal taxation from experts accomplished in that field."

Thus there is posed for solution a problem which involves no dispute as to the basic facts but is, indeed, baffling because, as is so often true of legal problems, the correct result depends upon how to give the facts the right order of importance.

We may start by noticing that the petitioner does not rely upon section 23(a) (2) which permits the deduction of certain non-trade or non-business expenses, but rests entirely upon his contention that the deduction he took was allowable as an ordinary and necessary expense incurred in the practice of his profession. The expenses were deductible under section 23(a) (1) (A) if they were "directly connected with" or "proximately resulted from" the practice of his profession. Kornhauser v. United States, 276 U.S. 145, 153, 48 S.Ct. 219, 220, 72 L.Ed. 505. And if it were usual for

lawyers in practice similar to his to incur such expenses they were "ordinary." Deputy v. DuPont, 308 U.S. 488, 495, 60 S.Ct. 363, 84 L.Ed. 416. They were also "necessary" if appropriate and helpful. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L. Ed. 212. But this is an instance emphasizing how dim a line is drawn between expenses which are deductible because incurred in trade or business, i. e., because professional, and those which are non-deductible because personal. Section 24(a) (1) of Title 26.

The respondent relies upon T. R. 111, § 29.23(a)–15, which provides that "expenses of taking special courses or training" are not allowable as deductions under section 23(a) (2). But section 23(a) (2) concerns non-trade or non-business expenses. It is not necessary to decide whether, in the light of the regulation, an expense of the nature here involved would be deductible if incurred in connection with a profit-making venture that is not a trade or business. It will suffice to say that, since the expense was incurred in a trade or business within the meaning of section 23(a) (1) (A), the regulation interpreting section 23(a) (2) is not a bar to allowance here.

In Welch v. Helvering, supra 290 U.S. at page 115, 54 S.Ct. at page 9, there is a dictum that the cost of acquiring learing is a personal expense. But the issue decided in that case is far removed from the one involved here. There the taxpayer paid debts for which he was not legally liable whose payment enhanced his reputation for personal integrity and consequently the value of the good will of his business, and it was held that these payments were personal expenses. The general reference to the cost of education as a personal expense was made by way of illustrating the point then under decision, and it related to that knowledge which is obtained for its own sake as an addition to one's cultural background or for possible use in some work which might be started in the future. There was no indication that an exception is not to be made where the information acquired was needed for use in a lawyer's established practice.

T. R. 111, § 29.23(a)–5, makes clear that among the expenses which a professional man may deduct under Section 23(a) (1) (A) are dues to professional societies, subscriptions to professional journals, and amounts currently expended for books whose useful life is short. Such expenses as are here in question are not expressly included or excluded, but they are analogous to those above stated which are expressly characterized as allowable deductions.

■ This situation is closely akin to that in Hill v. Commissioner, 4 Cir., 181 F.2d 906, where the expenses incurred by a teacher in attending a summer school were held deductible. The only difference is in the degree of necessity which prompted the incurrence of the expenses. The teacher couldn't retain her position unless she complied with the requirements for the renewal of her teaching certificate; and an optional way to do that, and the one she chose, was to take courses in education at a recognized institution of learning. Here the petitioner did not need a renewal of his license to practice and it may be assumed that he could have continued as a member of his firm whether or not he kept currently informed as to the law of Federal taxation. But he was morally bound to keep so informed and did so in part by means of his attendance at this session of the Institute. It was a way well adapted to fulfill his professional duty to keep sharp the tools he actually used in his going trade or business. It may be that the knowledge he thus gained incidentally increased his fund of learning in general and, in that sense, the cost of acquiring it may have been a personal expense; but we think that the immediate, over-all professional need to incur the expenses in order to perform his work with due regard to the current status of the law so overshadows the personal aspect that it is the decisive feature.

■ It serves also to distinguish these expenditures from those made to acquire a capital asset. Even if in its cultural aspect knowledge should for tax purposes be considered in the nature of a capital asset as

was suggested in Welch v. Helvering, supra, the rather evanescent character of that for which the petitioner spent his money deprives it of the sort of permanency such a concept embraces.

Decision reversed and cause remanded for the allowance of the deduction.