JOHN S. WATSON AND BETTY JANE WATSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65185. Filed February 18, 1959.

*Paul L. Selby, Jr., Esq.*, for the petitioners.
*Bart A. Brown, Jr., Esq.*, for the respondent.

TIETJENS, *Judge:* The Commissioner determined deficiencies in income tax of $1,261.70 and $1,238.39 for the years 1954 and 1955, respectively.

The only question for decision is whether certain claimed business expenses were properly disallowed.

### FINDINGS OF FACT.

The petitioners are husband and wife and reside at Worthington, Ohio. They filed joint income tax returns for 1954 and 1955 with the director of internal revenue at Columbus, Ohio.

Petitioner John S. Watson, hereafter called petitioner, is a practicing physician specializing in internal medicine. At the time this case was heard petitioner had been practicing for approximately 10 years. In his practice, petitioner, like most other doctors, uses psychiatric methods in the diagnosis and treatment of his patients. This is commonly called "psychosomatic medicine." This term is a relatively new term denoting the influence of the mind over the functions of the body. Psychosomatic medicine is a recognized part of the practice of medicine. Basic, general training in psychiatry and psychosomatic medicine is received by all doctors during their regular medical school, internship, and residency training. Petitioner received such training while a student at Jefferson Medical College and while an intern and resident at Jefferson Medical College Hospital.

After engaging in practice for 3 or 4 years petitioner decided to obtain further training in analysis and the techniques of psychiatry. He consulted a psychiatrist in Columbus, Ohio, who advised that the training of this kind best suited for petitioner could be obtained either in Cincinnati, Ohio, or Detroit, Michigan.

The accepted method of obtaining training in the techniques of psychiatry is to subject oneself to a psychoanalysis by an established psychiatrist. Such method allows the person being psychoanalyzed to observe the methods used by his analyst and, thus, become familiar with the techniques of analysis. This is a specialized course of train-

ing. Petitioner engaged in such a course under Morton Barnett, M.D., in Detroit, Michigan. A total of 225 hours of work was taken, extending over the years 1954, 1955, and part of 1956.

Taking this training was a voluntary action on the part of petitioner. He was not required to take this course in order to maintain his position in the partnership in which he was practicing. Petitioner took the training with the idea that it would enable him to do a more competent and thorough job in his practice of internal medicine. The training did not lead to any degree or any further certificate for him.

The amounts paid by petitioner in pursuit of this study were:

|  | 1954 | 1955 |
| --- | --- | --- |
| Fees to Dr. Morton Barnett | $3,000.00 | $2,250.00 |
| Travel expenses | 1,330.19 | 1,011.50 |
| Lodging | 284.00 | 174.00 |
| Meals away from home | 570.37 | 296.50 |
|  | 5,184.56 | 3,732.00 |

These amounts were reported and claimed as business expense deductions by petitioner in his income tax returns for 1954 and 1955.

The Commissioner determined that these amounts were not deductible as business expenses under the provisions of sections 161 and 162, I.R.C. 1954, in computing taxable income as defined by section 63(a), I.R.C. 1954.

### OPINION.

Petitioner rests his case upon *Coughlin* v. *Commissioner*, (C.A. 2) 203 F. 2d 307, reversing 18 T.C. 528; and sec. 1.162–5, Income Tax Regs., 1958–1 C.B. 67.

The burden, of course, is on petitioner to prove that the expenses claimed as deductions are "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Sec. 162, I.R.C. 1954; *City Ice Delivery Co.* v. *United States*, (C.A. 4) 176 F. 2d 347.

The Commissioner argues that this burden has not been carried, primarily contending that the expenses have not been shown to be ordinary, i.e., it has not been proven that it is customary for a physician generally practicing internal medicine to take a specialized course in analysis and psychiatric techniques.

The Commissioner's comparatively recent regulations, section 1.162–5, *supra*, which "liberalized" the rules on the deductibility of expenses of education provide so far as here applicable, as follows:

SEC. 1.162–5. EXPENSES FOR EDUCATION.—(a) Expenditures made by a taxpayer for his education are deductible if they are for education * * * undertaken primarily for the purpose of:

(1) Maintaining or improving skills required by the taxpayer in his * * * trade or business, or

*     *     *     *     *     *     *

Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purpose described in subparagraph (1) * * *

Petitioner was the only witness. He did not attempt to prove that other internists customarily took courses in analysis and psychiatric techniques such as he pursued. As a matter of fact he was asked, but did not respond, if he could name any other internist who had taken such a course. However, we do not think it was absolutely necessary that the customariness be established by testimony. Of course had such evidence been introduced it would have strengthened petitioner's position. Lacking testimony on this point we think it sufficient to say that it is in the realm of common knowledge that many physicians ordinarily continue to enlarge their medical education after their fundamental training has been completed and they have embarked on their practice. The regulations apparently assume this, since the emphasis is placed upon the primary purpose of the education, i.e., was it undertaken *primarily for the purpose* of maintaining or improving skills required in trade or business, and not on whether or not such education was customarily undertaken by physicians. Of course if the latter can be established the regulations provide that the taxpayer will ordinarily be considered to have made the educational expenditures with the required purpose. Petitioner should not be denied the claimed deductions on the narrow grounds urged by the Commissioner.

The record clearly shows that petitioner undertook the course for educational purposes and that his aim was to maintain and improve his skill as an internist. The techniques with which he sought to become familiar were useful in his general field of practice. Though the course was specialized, petitioner was not pursuing it for the purpose of fitting himself to engage in the specialty. He continued to practice as an internist but with skills presumably sharpened by his additional training in analysis and psychiatric techniques.

Further, we think petitioner fairly can be said to come within example (2) of section 1.162–5(e), Income Tax Regs., 1958–1 C.B. 68, which follows:

*Example* (2). B, a general practitioner of medicine, takes a course of study in order to become a specialist in pediatrics. C, a general practitioner of medicine, takes a 2-week course reviewing developments in several specialized fields, including pediatrics, for the purpose of carrying on his general practice. B's expenses are not deductible because the course of study qualified him for a specialty within his trade or business. C's expenses for his education and any transportation, meals, and lodging while away from home are deductible because they were undertaken primarily to improve skills required by him in his trade or business.

To us petitioner fits general practitioner C in the example. He took the course, not for the purpose of becoming a specialist as a psychiatrist but for the purpose of better carrying on his own practice.

Since we think this case falls within Regulations section 1.162–5 it is unnecessary to discuss the possible applicability of *Coughlin* v. *Commissioner*, *supra*.

We hold the claimed deductions should be allowed.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

MURDOCK, TURNER, OPPER, and MULRONEY, *JJ.*, dissent.