JOSEPH T. BOOTH III AND BARBARA S. BOOTH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82395.  Filed March 31, 1961.

*Joseph T. Booth III, Esq.*, pro se.
*Glen W. Gilson II, Esq.*, for the respondent.

SCOTT, *Judge:* Respondent determined a deficiency in petitioners' income tax for the year 1957 in the amount of $278.40. The only issue for decision is whether certain claimed business expenses were properly disallowed.

## FINDINGS OF FACT.

The petitioners are husband and wife and reside at 1450 Rosewood Drive, Montgomery, Alabama. They filed a joint income tax return for the year 1957 with the district director of internal revenue for the district of Alabama.

Joseph T. Booth III, hereinafter called petitioner, is a lawyer. He received his bachelor of laws degree from the University of Alabama in 1954 and was admitted to the bar of the State of Alabama in June of 1954. In November 1954, he opened an office in Tuscaloosa, Alabama, for the general practice of law.

In January 1955 petitioner accepted the position of assistant legal adviser to the Governor of Alabama. He entered upon the duties of that position on January 18, 1955, and remained so employed from that time until September 15, 1957. Because of accumulated vacation time he remained on the payroll of the State through September 30, 1957. The last day on which petitioner performed services in his position as assistant legal adviser to the Governor of Alabama was Friday, September 13, 1957.

In August 1957 petitioner, James M. Wright, Jr., and Frank N. Long discussed the formation of a partnership for the practice of law. Sometime in the early part of September 1957, petitioner, Wright, and Long reached a final decision to form a partnership, and a bank account was opened in the name of the partnership, Wright, Long & Booth, on September 13, 1957. During the discussions leading to the formation of the partnership, all of the partners agreed that some member of the firm should obtain a more detailed knowledge of the law of Federal taxation with the understanding that the member of the firm who took this training would handle any tax matters that came to the firm but not devote himself exclusively to the practice of the law of taxation. By mutual agreement petitioner was chosen to attend New York University to pursue courses in taxation. It was agreed that petitioner would share in the partnership profits while pursuing his studies at New York University. The partnership profits of Wright, Long & Booth for the year 1957 were divided $3,120 to petitioner and $2,008.89 to each of the other partners. The $1,111.11 received by petitioner in excess of the amount received by each of the other partners was in accordance with the intention of the partners, at the time petitioner went to New York University, that the partnership would reimburse petitioner for his expenses in attending that university.

Petitioner left Montgomery, Alabama, on September 15, 1957, and arrived in New York on September 16, 1957. He attended New York University, taking courses in taxation, from September 16, 1957, through December 19, 1957. He returned to Montgomery on

December 19, 1957, for the Christmas holidays and did not return to New York until after December 31 of that year. From September 16, 1957, through December 19, 1957, petitioner spent $1,328.41 for tuition, books and supplies, and meals and lodging while attending classes in taxation in the graduate School of Law of New York University.

Petitioner had taken no courses in taxation while attending the Law School of the University of Alabama and had handled no tax cases while engaged in the practice of law prior to becoming employed as assistant legal adviser to the Governor of Alabama. His work as assistant legal adviser to the Governor of Alabama was of a legal nature involving administrative law of the State and proposed State legislation.

The partnership of Wright, Long & Booth opened its office for the practice of law in the first part of October 1957. Since returning from New York University, petitioner has practiced law as a partner in Wright, Long & Booth in Montgomery, Alabama. The law of taxation has not been an exclusive specialty in his practice.

OPINION.

Petitioner contends that the amount expended by him for tuition, books and supplies, and meals and lodging, while attending New York University, are deductible under section 162 of the Internal Revenue Code of 1954 and section 1.162–5, Income Tax Regs.[1]

---

[1] Sec. 1.162–5. Income Tax Regs. **Expenses for education.**—(a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of:

(1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or

(2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary status or employment.

Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purpose described in subparagraph (1) of this paragraph. Expenditures for education of the type described in subparagraph (2) of this paragraph are deductible under subparagraph (2) only to the extent that they are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, as a condition to the retention of the taxpayer's salary, status, or employment. Expenditures for education other than those so required may be deductible under subparagraph (1) of this paragraph if the education meets the qualifications of subparagraph (1). A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirement is imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. Except as provided in the last sentence of paragraph (b) of this section, in the case of teachers, a written statement from an authorized official or school officer to the effect that the education was required as a condition to the retention of the taxpayer's salary, status, or employment will be accepted for the purpose of meeting the requirements of this paragraph.

(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general

Petitioner contends that he attended New York University, taking courses in taxation in the graduate School of Law, in accordance with a business purpose of the partnership of Wright, Long & Booth, and not for personal reasons. He argues that at the time he attended New York University and incurred the expenses here in issue he had met the minimum requirements for qualification to practice law in the State of Alabama which entitled him to practice before the Treasury Department, this Court, and the United States Federal District Courts, and that the expenditures were made for education undertaken primarily for the purpose of improving skills required by petitioner in the practice of his profession since a knowledge of Federal taxation is necessary in many areas of the general practice of law.

Respondent contends that the expenses incurred by petitioner for education do not meet the requirements of his regulations since such expenditures were not for the purpose of maintaining or improving skills required by petitioner's employment or profession or for meeting the expressed requirements of petitioner's employer imposed as a condition to the retention of his salary, status, or employment.

Respondent further contends that the expenditures were primarily for the purpose of acquiring a new skill or specialty or were undertaken primarily for the purpose of obtaining a new position and, therefore, are not deductible under the provisions of his regulations.

Petitioner relies upon *John S. Watson*, 31 T.C. 1014 (1959), and *Coughlin* v. *Commissioner*, 203 F. 2d 307 (C.A. 2, 1953), reversing 18 T.C. 528, in support of his contention. The petitioner alleges in his petition, and in the course of his opening statement at the trial stated, that he undertook the course leading to a master of law degree in taxation. The record shows that immediately preceding his commencement of this course on September 16, 1957, he had been employed as assistant legal adviser to the Governor of Alabama and that he attended New York University in accordance with the agreement with his partners reached prior to the formation of the partnership. These facts are very different from the facts in the *Watson* case, where the taxpayer was a practicing physician specializing in internal medicine at the time he voluntarily engaged in obtaining training in the techniques of psychiatry with the idea that such training would increase his competency in his practice of internal medicine. Petitioner in the *Watson* case continued in his practice of internal medicine after completing his training.

---

educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.

1148

In the instant case petitioner attended classes at New York University primarily for the purpose of becoming a partner in the firm of Wright, Long & Booth. Petitioner argues that since he had engaged in the practice of law since November of 1954, either in his own office or in his work as assistant legal adviser to the Governor of Alabama, his becoming a member of the partnership of Wright, Long & Booth was a continuation of his practice of law and not a new position. Petitioner contends that here as in the *Watson* case it is within the realm of common knowledge that many lawyers continue to enlarge their legal education after their fundamental training has been completed and they have embarked upon the practice of law and that such education is for improving skills required in the legal profession.

The regulations refer to a new position or substantial advancement in position and not to a new profession. The facts of this case show that petitioner's education in the law of taxation was undertaken primarily for the purpose of becoming a partner in Wright, Long & Booth which was for him a new position even though he continued to engage in his same profession, the practice of law. Under the Commissioner's regulations, on which both parties rely, the expenses incurred are not deductible. Cf. *Robert M. Kamins*, 25 T.C. 1238 (1956), and *Arnold Namrow*, 33 T.C. 419 (1959), on appeal (C.A. 4, 1960). The facts in the instant case are clearly distinguishable from those in *Coughlin* v. *Commissioner, supra*. The *Coughlin* case involved a taxpayer engaged in the general practice of law who for a period of 5 days attended the Fifth Annual Institute of Federal Taxation conducted under the sponsorship of New York University.

*Decision will be entered for the respondent.*