303 F.2d 111
 Bernd W. SANDT and Nancy T. Sandt, Husband and Wife, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Roger A. HINES and Joanne Hines, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 13783.
 No. 13803.
 United States Court of Appeals Third Circuit.
 Argued March 9, 1962.
 Decided May 14, 1962.
 
 Bernd W. Sandt pro se.
 Roger A. Hines, pro se.
 Michael Mulroney, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.
 Before KALODNER, STALEY and HASTIE, Circuit Judges.
 STALEY, Circuit Judge.
 
 
 1
 These two appeals require us to determine whether petitioners are entitled to deduct certain educational expenditures as expenses incurred in carrying on a trade or business.[1] Both appeals were argued on the same day in this court, and since the facts are similar and issues identical, we shall dispose of both in one opinion.[2]
 
 
 2
 Bernd W. Sandt and Roger A. Hines were employees of E. I. duPont de Nemours & Company. On May 1, 1954, Sandt, and in the summer of 1956 Hines, left their positions as research chemists in the polychemicals department and assumed the duties of a patent chemist in the patents and contracts division of the same department. Both enrolled in the Temple University School of Law, night division, during the school year following their transfer, and were graduated with the Bachelor of Laws degree after completing a four year course.
 
 
 3
 In their 1957 tax returns, both Sandt and Hines claimed as a deduction certain expenditures made during the 1957 calendar year in connection with their attendance at law school. The Commissioner's disallowance of the deductions was sustained by the Tax Court in unreported memorandum opinions. Sandt and Hines appealed, contending that the evidence does not support the Tax Court's finding that the expenditures were incurred in order to obtain new positions, and that although this may have been one of the purposes, the primary one was to retain a position of employment.
 
 
 4
 Educational expenditures constitute a deduction if made in order to meet the express requirements of a taxpayer's employer as a condition to the retention by the taxpayer of his salary, status or employment, and not if made to obtain a new position. That is the test laid down in the implementing Treasury Department regulations,[3] and approved by this court in Devereaux v. Commissioner, 292 F.2d 637 (C.A.3, 1961). Where several purposes exist as the motivation for undertaking the expenditure, it is the primary one that is decisive in determining deductibility. Marlor v. Commissioner, 251 F.2d 615 (C.A.2, 1958); Cosimo A. Carlucci, 37 T.C. No. 70 (1962). The taxpayers, of course, had the burden of establishing a right to the claimed exemption, Interstate Transit Lines v. Commissioner, 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607 (1943), and the Tax Court's finding as to why the expenditures were undertaken is a question of fact that we must affirm unless clearly erroneous. Devereaux v. Commissioner, supra; Namrow v. Commissioner, 288 F. 2d 648 (C.A.4), cert. denied, 368 U.S. 914, 82 S.Ct. 192, 7 L.Ed.2d 132 (1961). We think that the record contains ample evidence to support the Tax Court's findings, and we cannot say that they are clearly erroneous.
 
 
 5
 Both Sandt and Hines were trained chemists when first employed by duPont. In 1947 Hines received a Ph.D. degree while Sandt had a Master's degree. The duties of a research chemist involved no legal work. While employed as research chemists, taxpayers learned of openings for patent chemists in the patents and contracts division. Both were interviewed by the division manager, who testified before the Tax Court. The manager testified that he thought that legal training was invaluable and necessary for a patent chemist. He further testified that before a prospective employee was permitted to accept the position of patent chemist, he was told that upon assuming it, he would be required to obtain a legal education. In one case, a patent chemist refused to attend law school "but he didn't stay very long." Another one failed to continue on in law school and was, as a result, returned to the research division. In 1956, every member of the patents and contracts division was either an attorney or was attending law school. No one, the manager went on to say, was ever hired as a patent chemist unless he first agreed to obtain a legal education.
 
 
 6
 The taxpayers also testified that their positions as research chemists or employees of duPont would not have been jeopardized by refusing to accept the position of patent chemist. In fact, in 1953 Hines was given an opportunity to become a patent chemist but turned it down, thinking that attendance at law school would be burdensome on his family.
 
 
 7
 There was also evidence in the record that any individual who received a law degree and passed a bar examination was, as a matter of course, promoted to patent attorney. So the taxpayers here were promoted to patent attorneys immediately after being informed that they had passed the District of Columbia Bar examination. Sandt's salary as a research chemist had been $425 to $450 a month, and after his promotion he received a salary of $750-$800 a month.
 
 
 8
 We think that taxpayers' reliance on Marlor v. Commissioner, 251 F.2d 615 (C.A.2, 1958), is not helpful, for the court there found the primary motive was to retain and not to obtain a position.
 
 
 9
 The decisions of the Tax Court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 "§ 162. Trade or business expenses
 "(a) In general. — There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." 26 U.S.C.A. § 162.
 
 
 [2]
 Bernd W. Sandt and his wife, Nancy T. Sandt, were petitioners in No. 13,783. Roger A. Hines and his wife, Joanne Hines, were petitioners in No. 13,803. The wife in each case was party to the action only because a joint income tax return was filed
 
 
 [3]
 Treas.Reg. § 1.162-5