Sabino F. Ciorciari v. Commissioner.
Ciorciari v. Commissioner
Docket No. 90201.
United States Tax Court
T.C. Memo 1963-162; 1963 Tax Ct. Memo LEXIS 182; 22 T.C.M. (CCH) 784; T.C.M. (RIA) 63162; June 11, 1963
Sabino F. Ciorciari, pro se, 474 60th St., Brooklyn, N. Y., Stephen M. Miller for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioner's income tax in the amount of $342.62 for the taxable year ended December 31, 1959. The sole issue is whether expenses incurred by petitioner, a Housing Assistant employed by the New York City Housing Authority, in taking graduate courses in housing and public administration are deductible under Section 162(a) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. Petitioner timely filed his Federal income tax return with the district *183 director of internal revenue, Brooklyn, New York, for the taxable year ending December 31, 1959. Petitioner graduated from Brooklyn College, Brooklyn, New York, in June 1948, with the degree of Bachelor of Arts, after attending evening classes from January 1938 to June 1948. He worked for the Welfare Department of the City of New York from approximately October 1948 to July 1958. On July 21, 1958, he became employed as a Housing Assistant for the New York City Housing Authority at a gross salary of $4,227.74. A Bachelors Degree from an accredited college or university was the only educational requirement for this position. During 1959 petitioner enrolled in the New York University Graduate School of Public Administration as a candidate for the degree of Master of Public Administration. The courses taken by petitioner during 1959 were as follows: 1. Public Administration 2. Housing and Urban Renewal 3. Housing Law & Administration 4. Regional Planning 5. Principles of Organization & Management 6. Administrative Methods & Techniques 7. History of Administrative Ideas & Institutions The cost of the foregoing courses was $720, which petitioner duly paid in 1959 and *184 deducted, along with an additional $87 expended for textbooks. Although taking courses in the housing field was though to be desirable and although it appears to have been the policy of the City of New York to encourage educational programs for its employees, the New York City Housing Authority did not require petitioner to take any courses or obtain a degree of Master of Public Administration as a condition to retention of salary, status or employment. During the taxable year in question it was not customary for Housing Assistants employed by the New York City Housing Authority to undertake such educational pursuits as petitioner undertook. There was no new position or substantial advancement automatically accruing to a person in petitioner's position who obtained an advanced degree; promotions were generally based upon performance on a written examination given by the New York City Housing Authority. The parties have stipulated that petitioner's duties as a Housing Assistant were primarily in the field of rent collection, but the record discloses that petitioner's duties normally encompassed a wide variety of welfare problems and liaison with other public agencies; the stipulation *185 is to be interpreted in the light of these facts. Petitioner, in his Federal income tax return for the year in question, characterized the educational expenses in question as being for "* * * promotional tests and advancement in the field of employment * * *". Petitioner is presently employed by the New York Housing Authority in the same job that he held in 1959, namely, that of Housing Assistant. Opinion RAUM, Judge: Petitioner, who is not a lawyer, appeared on his own behalf at the trial. Although this circumstance does not relieve him of the burden of proof, nor are the rules of evidence to be relazed in his favor for that reason, the evidence must nevertheless be evaluated in the light of the rather loose and informal way in which it was presented. [1]
If petitioner were taking the courses in question primarily for the purpose of obtaining a new and higher *186 position, cf. Sandt v. Commissioner, 303 F. 2d 111 (C.A. 3); Namrow v. Commissioner, 288 F. 2d 648 (C.A. 4), affirming 33 T.C. 419, certiorari denied, 368 U.S. 914; Joseph T. Booth, III, 35 T.C. 1144, or if he were merely fulfilling general educational aspirations, the claimed deduction would plainly not be allowable. On the other hand, educational expenses in connection with courses reasonably thought to be related to one's job or profession and not taken primarily for the foregoing reasons may qualify as deductible expenses under our internal revenue laws. Cf. Cosimo A. Carlucci, 37 T.C. 695; John S. Watson, 31 T.C. 1014. The problem herein is to evaluate the present record in the light of these settled principles. The issue is a close one, but we have concluded that petitioner undertook these courses for the principal purpose of improving his skills as a Housing Assistant, and that the claimed deduction should be allowed. Petitioner impressed us as a conscientious person, sincerely interested in doing a good job, who regarded seriously the official encouragement to take additional educational *187 courses. The Government points out that the content of a number of the courses taken by petitioner had but very little direct relationship to his job. Perhaps this is so. But we think that the Government takes an unduly narrow view of the matter. A publication by the New York City Housing Authority entitled "Guide for the Housing Assistant" which petitioner submitted with his brief, refers to the job of Housing Assistant as a "professional one", states that to do the job properly "requires being alert to current developments and thinking in the housing field", and, after calling attention to the numerous university and college courses available in and around New York in relation to "city planning, public housing, urban renewal and related fields", states further that: The Authority believes that greater knowledge of the housing field will lead to greater interest, job satisfaction and competence in carrying out your job. While it is true that this pamphlet is technically not in evidence, much of what it sets forth is fairly inferable from the evidence before us. In any event, we are of the opinion that the conclusions there stated are sound. We think that, on the whole, the courses *188 taken by petitioner were reasonably thought by him to be related to his job, that he took them primarily for that reason, and we hold that the contested expenses are deductible. Decision will be entered under rule 50. *
Footnotes
1. Indeed in Devereaux v. Commissioner, 292 F. 2d 637↩ (C.A. 3), the Court of Appeals even disregarded a certain concession in a stipulation of facts in a pro se case involving a nonlawyer taxpayer as "being burdensome to the conscience of a court of justice, and one which we must reject." p. 640.
*. By official order of the Tax Court, dated July 12, 1963 and signed by Judge Raum↩, the statement "Decision will be entered for the petitioner" was deleted and the present wording substituted therefor.