Gilmore C. Gulbranson and Dorothy L. Gulbranson v. Commissioner.
Gulbranson v. Commissioner
Docket No. 93612.
United States Tax Court
T.C. Memo 1963-205; 1963 Tax Ct. Memo LEXIS 139; 22 T.C.M. (CCH) 1022; T.C.M. (RIA) 63205; July 31, 1963
Gilmore C. Gulbranson, pro se, 12333 S. La Salle St., Chicago, Ill Joseph T. de Nicola, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in petitioners' income tax for 1959 in the amount of $151.59. The sole issue is whether petitioner Gilmore C. Gulbranson is entitled to a deduction from gross income for the expenses incurred in attending law school. Some of the facts are stipulated. Findings of Fact The stipulated facts are so found and the stipulations and exhibits attached thereto are incorporated by this reference. Petitioners filed a joint income tax return for the taxable year 1959 with the district director of internal revenue at Chicago, Illinois. On this return the following amounts, among others, were claimed as deductions: John Marshall Law School tuition
$425.00
John Marshall Law School books and
paper
9932
Transportation - John Marshall Law
School
164.74
*140 Gilmore C. Gulbranson hereinafter will be referred to as petitioner. Petitioner was enployed by Edward E. Novak, hereinafter referred to as Novak, from August 1958 and continuing through the taxable year involved. Novak's business interests included a Chicago law practice, insurance and real estate brokerages, the rendering of tax services, appraisals, and a general real estate business which included the building and managing of and the loaning of money on real property. At the time petitioner was hired, Novak was looking for a college graduate who had some experience in the insurance and the business administration fields. Prior to his employment with Novak petitioner had not studied law other than in business administration courses taken while a college undergraduate; nor had he previously worked as a law clerk. No legal education was necessary to secure this position with Novak, nor did Novak at any time subsequent to hiring petitioner require that he attend law school to retain his employment. The petitioner's qualifications satisfied Novak's minimum requirements at the time this employment began. These requirements did not include legal experience. Petitioner's work for *141 Novak has been in insurance matters primarily, but he has aided in the law practice, the appraisal business, and generally wherever needed in Novak's operations. On his 1959 return petitioner listed his occupation as "Insurance, Real. Estate and Legal Clerk." Petitioner has not been promoted because of his law school study, nor has any increased efficiency in his work resulted therefrom. Petitioner was graduated from the University of Wisconsin in June 1956. In February 1959 he entered John Marshall Law School, sometimes hereinafter referred to as John Marshall. At that time he intended ultimately to obtain a degree and to take the Illinois bar examination, but did not intend to practice law. During 1959 he took the following courses at John Marshall: Contracts I and II; Legal Bibliography; Legal Ethics; Personal Property, including Sales and Bailments; Real Property, including Sales and Bailments; Real Property I; Torts I and II; Municipal Corporations; Legal Writing; Pleading; and Philosophy of Law. He attended John Marshall from February to June 1959, during the 1959 and the 1960 summer sessions, during the entire 1961-62 school year, and during the 1962 summer session; in July *142 1962 he was dismissed because of unsatisfactory scholarship. On January 9, 1963, he made formal application for readmission. Prior to his employment with Novak, petitioner had been employed during the summers between college years as an insurance salesman or underwriter as follows:- 1952
United States Fidelity and Guar-
antee Company
1953
Great American Fire Insurance Company
1954
Gulbranson-Larsen, Inc.
1955
Fish and Schulkamp, Inc. From February 1956 to July 1956 he worked as a full-time insurance underwriter for Fish and Schulkamp, Inc. From July 1956 to June 1958 he was in the United States Army, where he did some Governmental accounting work. In an addendum purporting to support the deduction of law school expenses as a business deduction, which was attached to the 1959 return, petitioner stated: "My education is being pursued in order to become more proficient in my operation. My employer is an attorney." In a letter dated July 13, 1962, addressed to Dean Noble W. Lee, of John Marshall, relative to his status at the law school, petitioner stated: I am in no position to make deals or proposals or be even slightly presumptuous, but I love law *143 and have lost my wife perhaps in part because of it, therefore please reconsider my status in light of this letter and advise me. On January 9, 1963, petitioner, pursuant to a special procedure developed by John Marshall for this purpose, filed with the school's Committee on Admissions a formal application for readmission. In this application he made the following statements: REASONS FOR DESIRING TO STUDY LAW 1. As a child I can remember my father speaking about the legal profession as one of ascription. 2. I've always been interested in the law and how it effects society. 3. Lawyers are usually leaders of respect and honor and this is an achievement that I would like to gain. 4. In the white collar group of which I am a part the lawyer is best able to cope with and master problems of every day living in the business world. 5. Most legislators are lawyers and it is my wish to some day be a member of government in this capacity. 6. Some laws need changing and I believe that as a lawyer I will be best able to help change the particular laws about which I have very strong and well considered ideas. 7. Law as a field is more vast and challenging than anything else that *144 I can think about and dwell upon with interest and zest. 8. Before I committed myself to law many people cited the persuasiveness of my speech as a reason why I would be a good lawyer. POSSIBLE FIELDS OF FUTURE LAW PRACTICE AND RELATIVES IN LAW PRACTICE 1. I like tax work and probate matters in addition to real estate operations and I think that I would like trial work. 2. I have no relatives in the practice of law. * * * FACTUAL BASIS FOR BELIEVING THAT UPON RE-ENTRANCE THE RESULTS OF LAW STUDY WILL BE IMPROVED * * *
6. I have never given up on anything that I wanted so badly. * * *
8. Once having tasted the atmosphere of law I never want to lose it for anything more than a moment as it is one of logic and reason, although practically I realize that strange things happen in this field. At petitioner's request Novak wrote a letter of character recommendation which petitioner made a part of his formal application for readmission to John Marshall. The letter stated: I have been well acquainted with Gilmore C. Gulbranson for approximately five years and he has been employed in my office since August of 1958. I have observed him not only in the office *145 but socially as well for this period of time and I am convinced that his character is such that he would be a credit to the Bar if and when he were admitted. During 1959 the petitioner paid John Marshall fees and tuition in the amount of $409.50. He paid amounts for books and materials aggregating $103.73. He paid $164.72 for railroad transportation. Opinion If the petitioner's primary objective had been to maintain or improve the skills required in his employment or the express requirements of his employer, the expenses relating to his legal education may be deductible under section 1.162-5(a), Income Tax Regs.; [1]Cosimo A. Carlucci, 37 T.C. 695 (1962); John S. Watson, 31 T.C. 1014 (1959). On the other hand, if his primary purpose is to obtain an LL.B degree, be admitted to the bar and practice law, or to obtain a new and higher position or to fulfill general educational aspirations, the deductions claimed are not allowable. Sandt v. Commissioner, 303 F. 2d 111 (C.A. 3, 1962), affirming a Memorandum Opinion of this Court; Namrow v. Commissioner, 288 F. 2d 648 (C.A. 4, 1961), affirming 33 T.C. 419 (1959), *146 certiorari denied 368 U.S. 914; Joseph T. Booth III, 35 T.C. 1144 (1961). The petitioner's employer did not require the petitioner's attendance at law school as a condition of his employment or salary. The employer hired the petitioner on the basis of his education and prior experience in insurance work and said that the petitioner met the requirements of his position at that time, that he has not been doing different work since attending law school, and that although petitioner is better equipped now to do legal work, it is not for having attended law school. When the petitioner entered the law school he stated *147 that he intended ultimately to obtain a degree and be admitted to practice, but did not intend to practice law. He contends that his undertaking of the law course was primarily for the purpose of maintaining or improving skills required in his employment, within the meaning of the regulations referred to above. This is not corroborated by the testimony of his employer nor by the statements he made in his application in 1963 for readmission to the law school after he was dropped. These statements were made while this case was at issue and before the hearing. They show an intention to acquire a new skill or to improve petitioner's status in the business world or a hope to become a legislator, that is, to equip himself for a new employment. These purposes are not within the scope of maintaining or improving skills required in his employment. The petitioner is not entitled to the deduction for these expenses. We might further add that the petitioner has failed to substantiate the expenses allegedly incurred for travel to and from the school and for books and other materials. Decisions will be entered for the respondent. Footnotes
1. § 1.162-5 Expenses for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. * * *↩