Harry G. Gianakon and Helen L. Gianakon v. Commissioner.
Gianakon v. Commissioner
Docket No. 592-64.
United States Tax Court
T.C. Memo 1965-184; 1965 Tax Ct. Memo LEXIS 147; 24 T.C.M. (CCH) 965; T.C.M. (RIA) 65184; June 30, 1965
*147 Expenses incurred for psychoanalytic training held, not deductible as ordinary and necessary business expenses under section 162, I.R.C. 1954. Harry G. Gianakon, pro se, 116 Lee Circle, Bryn Mawr, Pa. Dennis DeBerry, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1959 in the amount of $673.38. The issue is whether expenses for psychoanalytic training incurred by petitioner Harry G. Gianakon are deductible as business expenses under section 162 of the Internal Revenue Code of 1954. [1]
Findings of Fact Some of the facts have been *148 stipulated and the stipulation of facts with exhibits attached thereto are incorporated herein by this reference. Petitioners are husband and wife who reside in Bryn Mawr, Pennsylvania. They filed a joint Federal income tax return for the year 1959 with the district director of internal revenue at Philadelphia, Pennsylvania. Since Helen L. Gianakon is a party to this case solely by reason of having joined in the joint return, Harry G. Gianakon hereinafter will be referred to as the petitioner. Petitioner is a medical doctor licensed for the practice of medicine in Kansas and Pennsylvania. He graduated from the University of Kansas School of Medicine in 1948 and served an internship there until 1949. He served a residency in adult psychiatry at the University of Kansas from 1949 until 1951 and a residency in child psychiatry at the University of Michigan from 1951 until 1953. He is certified by the American Board of Neurology and Psychiatry in both adult and child psychiatry. From 1953 until 1957 he was Director of the Child Study Unit and an associate professor in psychiatry and pediatrics at the University of Kansas. In 1957, petitioner applied for the position of Director of *149 the Child Study Center in Philadelphia. In a letter dated December 20, 1957, Dr. Norman Nixon, then Director of the Center, wrote to petitioner in part as follows: In my telephone conversation with you last evening I neglected to ask if you have had a personal analysis or if you have contemplated applying for training in a psychoanalytic institute. Not that either of these must be considered as a prerequisite for the directorship, - but, being an analyst myself, our program has been "analytically-oriented". Further, several members of the Board committee have expressed their opinion that the new director should, if possible, have begun or completed his personal analysis. I was glad to have the opportunity of talking with you via Long Distance telephone last evening. If you are interested in exploring the matter further I do hope you will let us know as soon as possible so that we can plan for a mutually agreeable date for your visit to Philadelphia and the Center. Sometime prior to February 7, 1958, petitioner was offered and accepted the position as Director of the Center. Prior to being offered the position, he was asked by the Board of Trustees of the Center and agreed that *150 if he were offered the position he would undertake psychoanalytic training. His employment with the Center began on July 1, 1958, and terminated sometime in 1963. On March 10, 1958, he applied for psychoanalytic training to the Philadelphia Psychoanalytic Institute. On his application he stated the following reasons why he wished to be qualified as an analyst: Although we were happy in Kansas both as to family matters and work concerns, there was the disappointment of a lack of residents in the general psychiatric program. When I read the advertisement of the vacancy at the Child Study Center, Philadelphia, I explored it. Then, we made the decision to accept the position. One of the concerns of the Board of the Center was in regard to my attitude about analysis. Because of financial limitations and georgraphic isolation, I had never seriously considered analysis. Also, my teachers had never stressed this area. However, in my clinical work, I seemed to be increasingly relying on analytic principles. My wife and I agreed that this would be an appropriate time for this experience, and I resolved to apply for the analytic training. He was accepted for training in the Institute *151 on June 4, 1958, and began class work in September 1959. On their return for 1959 petitioners deducted $2,525 as a business expense for psychoanalytic training. In his statutory notice, respondent disallowed this amount "as not constituting a proper deduction within the purview of section 162 of the Internal Revenue Code of 1954." Petitioner was required to obtain psychoanalytic training as a condition of his employment as Director of the Child Study Center. Petitioner undertook psychoanalytic training primarily for the purpose of obtaining his position as Director of the Center. Opinion The only issue is whether the $2,525 expense incurred by petitioner for psychoanalytic training in 1959 is deductible as an ordinary and necessary business expense under section 162. [2]
The types of education expenses which are deductible as business expenses under section 162 are defined by section 1.162-5 of the Income Tax Regulations. *152 As here material, that section provides that education expenses are deductible if they are incurred for education undertaken by the taxpayer primarily for the purpose of maintaining or improving skills required in his employment or meeting requirements imposed by his employer as a condition to the retention of his employment, but are not deductible if incurred for education undertaken by him primarily for the purpose of obtaining a new position, fulfilling general educational aspirations, or meeting minimum requirements for qualification or establishment in a chosen profession or specialty. [3]
*153 Section 1.162-5 of the Regulations has been applied by the courts to determine the deductibility of education expenses. See John S. Watson, 31 T.C. 1014; Arnold Namrow, 33 T.C. 419, affd. 288 F. 2d 648 (C.A. 4); Sandt v. Commissioner, 303 F. 2d 111 (C.A. 3), affirming a Memorandum Opinion of this Court. Petitioners do not contest the validity of these regulations. They contend that the expense for psychoanalytic training was incurred by petitioner primarily for the purpose of retaining his position as Director of the Child Study Center in Philadelphia and are therefore deductible. Respondent maintains that the expense was incurred by petitioner primarily for the purpose of obtaining the position as Director and is therefore a personal expense as defined by section 1.162-5 of the Regulations and not deductible as a business expense under section 162. The evidence shows that at the time petitioner applied for the position as Director of the Child Study Center in Philadelphia, the program of the Center was "psychoanalytically oriented." Although petitioner met all of the formal requirements for the directorship imposed by the Board *154 of Trustees of the Center, several members of the Board felt that the director should have had, or receive psychoanalytic training. Prior to his being offered the position, petitioner was asked by the Board and agreed that if he were offered the position he would undertake psychoanalytic training. Sometime prior to February 7, 1958, petitioner was offered and accepted the directorship of the Center. On March 10, 1958, he applied to the Philadelphia Psychoanalytical Institute for training and was accepted by the Institute on June 4, 1958. Although his didactic classwork at the Institute did not begin until September 1959, it is reasonable to assume that his personal analysis began much earlier, as is the customary practice in analytic training. His employment with the Child Study Center began on July 1, 1958. On the basis of the evidence presented, we think that the primary purpose for which petitioner undertook psychoanalytic training was to obtain the directorship of the Child Study Center. The evidence indicates that had petitioner not agreed to undergo psychoanalytic training he would not have been offered the directorship. The regulations [4] state that the fact that education *155 undertake meets the express requirements for obtaining a new position strongly indicates that it was undertaken primarily for the purpose of obtaining the position. The fact that petitioner expenditiously applied for and received training further suggests that his primary purpose was to fulfill the obligation assumed as a condition of his employment. The evidence does not prove otherwise. Since petitioner undertook psychoanalytic training primarily for the purpose of obtaining a new position, his expenses in obtaining this training in 1959 are personal expenses and not deductible under section 162. Sandt v. Commissioner, supra; Joseph T. Booth, III, 35 T.C. 1144. Decision will be entered for the respondent. Footnotes
1. All section references hereinafter will refer to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *↩
3. SEC. 1.162-5. Expenses for Education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. * * *
(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.↩
4. § 1.162-5(b) of Income Tax Regulations.↩