Zeev Melamid and Estelle Melamid v. Commissioner.
Melamid v. Commissioner
Docket Nos. 4998-64, 7057-65.
United States Tax Court
T.C. Memo 1966-153; 1966 Tax Ct. Memo LEXIS 130; 25 T.C.M. (CCH) 818; T.C.M. (RIA) 66153; June 29, 1966
*130 Educational expenses: Improvement. - The amounts expended by the petitioner in attending a university were not deductible. The petitioner came to the United States on a student visa and there was no evidence that he ever changed his visa status. Furthermore, the courses which he took were not sufficiently related to his business activities to justify a finding that his education was directed toward maintaining or improving his skills. Lawrence A. Kobrin, 32 E. 57th, New York, N. Y., for the petitioners. Joel Kamens, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioners' 1961 and 1962 Federal income taxes of $370.63 and $196.20, respectively. The sole issue is whether certain expenses incurred for educational study (including *131 tuition, books, fees, supplies, meals, and transportation) are deductible as ordinary and necessary business expenses in the years in question. Findings of Fact Some facts are stipulated and are found accordingly. Petitioners are husband and wife and filed their joint Federal income tax returns for 1961 and 1962 with the district director of internal revenue, Manhattan, New York. Any subsequent reference to petitioner shall mean Zeev Melamid, his wife being a party to this proceeding only by reason of filing joint returns. Petitioner is not an American citizen. He came to the United States in 1958 on a temporary visa as a foreign student. Beginning in 1950 and continuing through the trial of this case, petitioner has been engaged in the travel business. Between 1950 and 1958 he managed the tour department of a travel agency in Tel Aviv, Israel, and the booking and reservation department for an airline. On coming to the United States in 1958 as a foreign student, petitioner worked as a travel agent for El Al Israel Airlines in New York City. He left this position and began the Israel Travel Center as a sole proprietorship about 1960. On January 1, 1961, the business was *132 incorporated as Israel Travel Center, Inc. (hereinafter referred to as I.T.C.), and petitioner became and has continued to be its president and general manager. The business of I.T.C. consisted mainly of organizing group tours to the Mediterranean area for its customers and organizing tours at the request of other travel agencies. The selling of group tours involved conferences with the group in question and, once the tour was planned, sessions explaining the mechanics of the tour. The remainder of I.T.C.'s business consisted of procuring tickets to various destinations. Beginning in 1958 and continuing through the taxable years in issue, petitioner was enrolled as a degree candidate in the New York University School of Commerce, Accounts and Finance, located at Washington Square, New York City. The courses taken by petitioner in 1961 and 1962 are as follows: History of Western Civilization Fundamentals of Mathematics General Economics: Economic Organizations and Principles Advanced Business Speaking Business Fluctuations Analysis and Interpretation of Business Costs Personality Development Policy Formulation and Conference Methods Petitioner received a Bachelor *133 of Science degree in 1962 and he subsequently attended the Graduate School of Business Administration at New York University. Petitioner usually travelled from his office in mid-Manhattan to Washington Square to attend classes. Petitioner was not required by the corporation to take the courses nor to obtain a degree in order to commence or continue his employment. On his 1961 and 1962 returns petitioner deducted amounts paid for tuition, fees, books, supplies, meals, and transportation. Opinion The question before us is whether petitioner could reasonably have thought that the course of study which he pursued during the taxable years at issue would improve or sharpen such skills as he had or whether it was in reality fulfilling his general educational aspirations. Cf. Cosimo A. Carlucci, 37 T.C. 695 (1962); John S. Watson, 31 T.C. 1014 (1959). [1] If the latter is the case, petitioner's expenses are not deductible as "ordinary and necessary expenses" under section 162[2] and section 1.162-5(a), Income Tax Regs.
*134 At the outset, we are confronted by the fact that petitioner came to the United States in 1958 as a student. His initial primary purpose in coming to this country was, therefore, in the words of the applicable statute, "temporarily and solely for the purpose of pursuing * * * a course of study" (8 U.S.C. sec. 1101(a)(15)) rather than to pursue a vocation. Of course, his purpose could have changed by the taxable years involved herein. However, it is significant that his studies continued uninterrupted from 1958 through 1962, a four-year period associated with a normal course of college education. Moreover, although petitioner did testify that a degree was of little or no importance to him, it is a fact that he obtained a standard B.S. degree at the conclusion of the four years in 1962. Finally, there is no evidence that the petitioner, at any time during the taxable years, sought to change his student visa status. Petitioner testified that he worked as manager of the tour department of a large travel agency and manager of the booking and reservation department of an airline during seven of the eight years prior to his coming to the United States in 1958. Between *135 1958 and 1960 petitioner was a travel agent for an airline in New York City. Beginning in about 1960 and continuing through the years in issue he operated his own travel agency in New York City - in 1960 as an individual proprietorship and thereafter as a corporation of which petitioner was a 60 percent and his wife a 40 percent stockholder. Petitioner also testified that he was responsible for "sales, costs, profitability and so forth" in an effort to show that he had skills in business management which he was seeking to improve. We conclude that the skills which petitioner possessed were those of a travel agent and that his talents in the business management area did not qualify as skills requisite to justify a deduction under section 162. Whether we examine the courses which petitioner took during the years before us separately or in the context of his total study program, we reach the conclusion that petitioner was merely fulfilling his general educational aspirations. The courses he took were not sufficiently related to his business activities to justify a finding that petitioner's educational effort was directed toward maintaining or improving his skills within the meaning *136 of section 162 and the regulations thereunder. Indeed, only the courses entitled "History of Western Civilization," "Advanced Business Speaking," and "Personality Development" could be proximately related to the skills of a travel agent. On the evidence before us, the connection between even these courses and petitioner's skills is too tenuous. The history course dealt with intellectual, political, economic, and religious forces; its scope is too broad to support petitioner's assertion that, because of the course's georgraphical overtones, it played a meaningful role in helping him to plan itineraries. The speech course dealt in the main with debate, parliamentary procedure, panel discussions, and conference speaking; it had at best a tangential relationship to the functions of a travel agent. Finally, petitioner testified that he dropped the personality development course. We are left with the conviction that petitioner was basically a student pursuing a program of general study and that his commercial activities were directed toward providing the financial wherewithal to pay for his education and support his family. We reach this conclusion even though such endeavors might well *137 constitute an early pattern of petitioner's endeavors over the long term. We therefore hold the expenditures for tuition, books, fees, and supplies do not meet the test of section 162. Since the incidental expenses for travel and meals would only be deductible, if at all, through a finding that the tuition, etc., was deductible, it follows that respondent's determination must also be sustained as to these amounts. Decisions will be entered for the respondent. Footnotes
1. It seems clear that the educational program was not undertaken by petitioner in order to acquire a new position or enter a new field of endeavor. Consequently, we are not so exposed to being bogged down in the mire of the noman's land of subjective intent as has been the case in other situations. Cf. Ramon M. Greenberg, 45 T.C. 480↩ (1966), on appeals (C.A. 1, Apr. 25, 1966). Petitioner does not contend that the education was undertaken to meet the requirements of his employer. 2. All references are to the Internal Revenue Code of 1954.↩