**Charles B. and Sylvia J. JOHNSON**

v.

**UNITED STATES of America.**

**Civ. A. No. 68–1798.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

March 29, 1971.

Charles B. Johnson, in pro se.

Joan Elaine Chauvin, Asst. U. S. Atty., Charles G. Barnett, Dept. of Justice, Tax Div., for defendant.

CHRISTENBERRY, District Judge.

Plaintiffs Charles B. Johnson and Sylvia J. Johnson bring this action pursuant to 28 U.S.C. § 1346(a) to recover income tax and interest for the taxable year 1966 in the amount of $333.45. Plaintiff Sylvia J. Johnson is a party hereto solely by virtue of having filed, with her husband Charles B. Johnson, a joint federal income tax return for taxable year 1966. Any subsequent reference herein to "plaintiff" is to Charles B. Johnson unless otherwise stated. The case was submitted to the court for decision on the basis of stipulation of fact agreed to by the parties and their briefs and oral arguments. For the reasons assigned below, the court finds that the Commissioner properly disallowed plaintiff's claim for refund.

"The sole issue before the court is whether certain expenses which taxpayer incurred in 1966 while in New York working for his master of laws degree in taxation are deductible as educational and business expenses." (Stipulation 7.)

Section 162(a) of the Revenue Code allows a deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." In 1967, the Commissioner revised the regulations under § 162 which had been promulgated previously in 1958. Although a taxpayer may rely on either the 1958 or 1967 regulations, Rev.Rul. 68–191, the court considers the 1967 regulations as controlling in the light of plaintiff's brief and oral arguments.

The 1967 regulations provide in pertinent part:

"§ 1.162–5 [as amended by T.D. 6918, 1967–1 Cum.Bull. 36] Expenses for Education.—(a) General rule.—Expenditures made by an individual for education [including research undertaken as part of his educational program] which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses [even though the education may lead to a degree] if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business, or

(2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

(b) Nondeductible educational expenditures.—(1) In general.—Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations.

(2) Minimum educational requirements.—(i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. * * *

\* \* \* \* \* \*

(3) Qualification for new trade or business.—(i) The second category of nondeductible educational expenses

within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. \* \* \* "

■ As is apparent, the regulations treat educational expenses from two points of view. Paragraphs (a) (1) and (2) give the requirements which must be met before deduction can be allowed. Paragraphs (b) (2) and (3) on the other hand list instances wherein deduction will not be allowed. It is clear that in order for an educational expense to be deductible it must escape the prohibitions contained in (b) (2) and (3) as well as fulfill the express requirements of (a) (1) and (2). The expense sought to be deducted in the instant case does neither.

■ In order for plaintiff to fulfill the requirements of (a) (1) and (2) it is necessary that he either be employed or engaged in carrying on a trade or business. Rev.Rul. 60–97 1960–1 Cum.Bull. 69.[1] Canter v. United States, 354 F.2d 352, 173 Ct.Cl. 723 (1965).

■ Professional status in and of itself is not sufficient basis to conclude that taxpayer is "carrying on a business." Henry G. Owen, 23 T.C. 377, 380 (1954); Canter, *supra*, 354 F.2d at 354.

■ Plaintiff was never actively engaged in the profession of law. He entered the tax program immediately following his admission to the bar (stipulations 12 and 13) and during the duration of the program he devoted his full time to obtaining his degree (stipulation 14).

Even if plaintiff were actively engaged in the practice of law, there is an additional reason why these expenses may not be deducted. Expenses for education are deductible if the education is undertaken primarily for the purpose of maintaining or improving skills required by the tax-

payer in his trade or business, but are not deductible if they are for education undertaken for the purposes of obtaining a new position or substantial advancement in position or in order to meet the minimum requirements for qualification in his intended trade or business or specialty therein. As the regulations clearly show, if educational expenses either qualify one to meet the minimum educational requirements of one's employment or qualify one for a new trade or business they are not deductible even though the education has the incidental effect of maintaining or improving skills required in the existing employment, trade or practice. § 1.162–5(b) (1). Here the plaintiff obviously incurred these expenses to meet the requirements of his intended specialty (tax law) rather than merely maintain or improve skills required of an attorney in general. Namrow v. Commissioner, 288 F.2d 648 (4 Cir. 1961).

A year's specialized study of tax law is neither an "ordinary or necessary" requirement for most attorneys. Booth v. Commissioner, 35 T.C. 1144 (1961). To the contrary, it is necessary only for those who wish to specialize in that particular field. In this respect plaintiff's reliance on the recent case of Furner v. Commissioner, 393 F.2d 292 (7th Cir. 1968), is misplaced. In that case the court held that graduate training by a high school teacher was a normal incident of carrying on the profession of teaching. The distinguishing factor between that case and the instant one can be found in the following language of the court:

"Expert testimony in the record before the tax court leads to two conclusions, nowhere rebutted. One is that it is not unusual, and is becoming more usual, for teachers to enroll in full time graduate study for an academic year in order to keep up with expanding knowledge and improve their under-

---

1. Rev.Rul. 60–97, 1960–1 Cum.Bull. 69, provides in part: "A taxpayer who is not currently employed or is otherwise actively engaged in a trade or business is not entitled to a deduction for the expenses of any deduction undertaken during such period of unemployment or inactivity."

standing of the subjects they teach. It also appears, as is common knowledge, that many school systems require teachers to earn additional academic credits from time to time."

For the reasons stated above, the court finds that plaintiff Charles B. Johnson is not entitled to the deduction. Accordingly, the Clerk of Court shall prepare a judgment in favor of defendant, and against plaintiff, in accordance with this opinion.