Allen Kandell v. Commissioner.
Kandell v. Commissioner
Docket No. 5698-69.
United States Tax Court
T.C. Memo 1971-287; 1971 Tax Ct. Memo LEXIS 48; 30 T.C.M. (CCH) 1227; T.C.M. (RIA) 71287; November 8, 1971, Filed. Aaron S. Rogal, for the petitioner. Marlene Gross, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1967 in the amount of $1,204.13. The only issue for decision is whether petitioner is entitled to deduct $3,664.40 or any part thereof as educational expenses. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner is an individual whose residence was in New York, New York at the time his petition in this case was filed. He filed his Federal income tax return for the taxable year 1967 with the district director of internal revenue, Los Angeles, California. Petitioner is a graduate of the Wharton School of Finance. Prior to 1967 he had been engaged *49 in various businesses. He was in business in New York until around 1962 and from then until around 1965 he was employed in Los Angeles. During 1966 and the early part of 1967 he was engaged in managing his real estate investments. Since 1962 petitioner had been a limited partner in the brokerage firm of Schweickart and Company. In August of 1967 petitioner came to New York and arranged to begin work at Schweickart and Company's New York office. He began working there in the accounting department at a salary of approximately $125 a week on August 28, 1967. He was well known to the personnel of Schweickart and Company because of his financial interest in the company and filed no formal application to obtain employment with that company. At the time he came to work for the company it was understood that he would not continue in the clerical capacity in which he was originally employed but would qualify himself to become either an account executive or a financial analyst. Shortly after he began working with Schweickart and Company, he discussed with Winfield H. Schweickart, the senior partner of Schweickart and Company, his desire to become a registered representative, the technical *50 title of an account executive with a brokerage firm. Schweickart informed him that in order to become a registered representative, it would be necessary for him to take a course of study at the New York Institute of Finance which was offered by that institute as a formal training program for registered representative trainees. The only persons who could enroll in this course were employees of brokerage firms who were recommended by their firms for the course. Schweickart and Company recommended petitioner for the course. The course of study was intended to supplement the on-the-job training given to a trainee in a brokerage firm who wished to qualify to become a registered representative. It was also intended to prepare the student for the registered representative's qualifying examination which was generally required by the rules of the New York Stock Exchange for a person to become a registered representative. At least 6 months' work as a trainee was required before an individual could take the examination. There were certain exceptions to the requirement that the examination be taken for persons over a certain age who had worked 6 months as a trainee in a brokerage firm and were *51 recommended by the firm for which they worked. Petitioner may have been old enough to have become a registered representative without the examination but he planned to and did take the examination to become a registered representative. He considered the course at the New York Institute of Finance good preparation for the examination. It is customary for persons planning to take the examination for a registered representative to obtain some form of training for the examination. If they do not take a formal course such as petitioner took, they will have tutorial 1228 assistance by a brokerage firm or take correspondence courses. Petitioner took the course for registered representative trainees at the New York Institute of Finance between September 1967 and December 1967. He incurred a tuition expense of $850 for which he was not reimbursed by his employer. Starting on August 23, 1967 and for the duration of the course petitioner lived at the Croydon Hotel. He incurred and paid hotel expenses of $2,172.30, telephone expenses of $42.10, meal expenses of $450 and laundry expenses of $150 during the period from August 23 through the time he finished the course in December of 1967. *52 After completing the course and taking the required examination to become a registered representative, petitioner worked as a registered representative for Schweickart and Company at their Broadway New York office. Petitioner's duties as a trainee with Schweickart and Company were primarily clerical in nature. While he was taking the courses at the New York Institute of Finance, he only went to the office a few hours each day since the classes consumed a greater portion of the day. When petitioner became a registered representative, he dealt directly with the public in selling stocks and securities and he was placed on a commission basis. Petitioner on his Federal income tax return for 1967 deducted the amount of $3,664.40 as educational expenses in connection with his course at the New York Institute of Finance. This amount was composed of the $850 tuition he paid to the New York Institute of Finance and his hotel, laundry, meals, and telephone expenses from August 23, 1967, until he completed the course in December 1967. Respondent in his notice of deficiency disallowed petitioner's claimed deduction of $3,664.40 of educational expenses with the explanation that he had not *53 established that he was entitled to the deduction. Ultimate Findings of Fact (1) Petitioner was pursuing the course of study at the New York Institute of Finance to qualify him as a registered representative which was a new business for him. (2) Petitioner did not undertake the course of study at the New York Institute of Finance primarily to maintain or improve skills required in his employment as a clerk or trainee with Schweickart and Company nor as a condition to retaining his employment with that firm as a clerk or trainee. Opinion At the trial petitioner took the position that he was required to take the course he took at the New York Institute of Finance in order to retain his position with Schweickart and Company, and that therefore he is entitled to deduct as ordinary and necessary business expenses the cost of his tuition and living expenses in connection with obtaining this education under the provisions of section 1.162-5, Income Tax Regs., prior to their amendment in 1967 by T.D. 6918, 1967-1 C.B. 36. He, however, did not waive a right to the deduction under the provisions of the amended regulations in the event he was entitled to the deduction *54 under those regulations but not under the regulations prior to the amendment. Respondent, in accordance with Rev. Rul. 68-191, 1968-1 C.B. 67, recognizes petitioner's right to the deduction if he meets the requirements of either the regulations prior to their amendment or the amended regulations. Section 1.162-5, Income Tax Regs., prior to their amendment in 1967, provide for the deduction of expenses for education by a taxpayer if the education was undertaken primarily for the purpose of maintaining or improving skills required by the taxpayer in his employment or other trade or business, or meeting the express requirements of the taxpayer's employer imposed as a condition to the retention by the taxpayer of his salary, status or employment. These regulations specifically provide that Expenditures made by a taxpayer for his education are not deductible if they are for education undertaaken primarily for the purpose of obtaining a new position or substantial advancement in position * * * (Sec. 1.162-5(b), Income Tax Regs.) From the facts in this case and considering the record as a whole, we have concluded that the courses petitioner took at the New York Institute *55 of Finance were undertaken by him primarily for the purpose of preparing him to become an account executive or registered representative with Schweickart and Company and not for the purpose of maintaining or improving his skills as a clerk or trainee with that Company. While Schweickart and Company required petitioner to take the courses in order to give him a position as an account 1229 executive, there is no evidence that they required him to take the courses to remain as a clerk with the company, and in fact the clear indication from the record is that the courses would not have been required of petitioner in order for him to remain at Schweickart and Company in a clerical capacity. The record shows in fact that it was never the intention at the time petitioner came with Schweickart and Company that he would remain with the company as a clerk but rather that he would prepare himself to be a registered representative with the company. The evidence also shows that a registered representative with a brokerage firm was a different position from the position of clerk or trainee and a new business for petitioner. This case is somewhat similar to the cases of a patent agent or patent *56 trainee who goes to law school in order to qualify to become a patent attorney. This Court and other courts have held in a number of cases of this type that the educational expenses incurred by a patent chemist or trainee for a legal education in order that he may become a patent attorney are not deductible under the regulations prior to their amendment in 1967. Ronald F. Weiszmann, 52 T.C. 1106 (1969), affirmed per curiam 443 F. 2d 29 (C.A. 9, 1971); Sandt v. Commissioner, 303 F. 2d 111 (C.A. 3, 1962), affirming Memorandum Opinions of this Court; and Rombach v. United States, 440 F. 2d 1356 (Ct. Cl., 1971). Section 1.162-5 of the regulations as amended in 1967 removed the test of the primary purpose for the education and allowed the deduction if the education does maintain or improve skills required by an individual in his employment or other trade or business with certain exceptions. One of the exceptions is "expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." (Sec. 1.162-5(b)(3), Income Tax Regs., as amended *57 by T.D. 6918, 1967-1 C.B. 36). Since the education petitioner was obtaining at the New York Institute of Finance was specifically to qualify him for a new trade or business, that of a registered representative with a brokerage firm, his expenditures in connection with obtaining this education are not deductible under the amended regulations. Ronald F. Weiszmann, supra. We sustain respondent in his disallowance of petitioner's claimed deduction for educational expenses. Decision will be entered for respondent.